## GRAVES et al. v. SMITH.

(Court of Civil Appeals of Texas. Amarillo. Oct. 28, 1911.)

1. HUSBAND AND WIFE (§ 273*)—COMMUNITY PROPERTY—RIGHTS OF SURVIVOR.

Under Sayles' Ann. Civ. St. 1897, art. 2220, providing that on the death of husband or wife without children the common property passes to the survivor, a wife surviving her husband dying leaving no children is the owner of a note payable to the husband and constituting community property, so that she may sue thereon without administration.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1008–1024; Dec. Dig. § 273.*]

2. JUSTICES OF THE PEACE (§ 43*)—JURISDICTION.

Under Sayles' Ann. Civ. St. 1897, art. 1568, defining the jurisdiction of justices of the peace, a justice's court has original jurisdiction of an action by a surviving wife on a note for less than $200, constituting community property, but payable to the deceased husband, there being no children, and the county court has appellate jurisdiction of the action.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 149–156; Dec. Dig. § 43.*]

3. HUSBAND AND WIFE (§ 273*)—COMMUNITY PROPERTY—RIGHTS OF SURVIVING SPOUSE.

A debt evidenced by a note constituting the community property of the payee and his wife does not become a trust fund in the hands of the maker for the payment of debts due from the community estate, on the death of the payee, leaving a wife surviving, but no children, and the existence of debts due from the community estate does not deprive the surviving wife of her right to sue on the note.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1008–1024; Dec. Dig. § 273.*]

Appeal from Lubbock County Court; John R. McGee, Judge.

Action by Nancy M. Smith against R. W. Graves and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Dillard & Moore, for appellants. W. H. Bledsoe, for appellee.

PRESLER, J. This is an appeal from a judgment rendered in the county court of Lubbock county, in favor of the appellee, for the sum of $153.45, together with costs of suit, upon a note executed by appellants to appellee's deceased husband, A. P. Smith, and it appears from the record that said suit was originally filed in the justice court, precinct No. 1, Lubbock county, by appellee, seeking to recover on said note as the survivor of the community between herself and her deceased husband, A. P. Smith, and alleging that said note sued on was a part of the community estate of said appellee and her deceased husband, and that deceased left no

child or children surviving him and had never had any children, and that plaintiff, as sole heir at law of A. P. Smith, and as such survivor, was entitled to bring this suit, and alleging also demand made by appellee after maturity of said note for payment of the same and its refusal, and that she then caused said note to be placed in the hands of an attorney for collection, and asked also for the recovery of 10 per cent. attorney's fees provided in said note, alleging that the same was reasonable and is due, and that appellee and deceased were married and lived together as husband and wife for many years, and that A. P. Smith died February 3, 1910, in Lubbock, Tex. Appellants answered first by a plea to the jurisdiction of the justice court, alleging that the county court had exclusive original jurisdiction and by special exceptions to appellee's petition to the following effect: (1) Because the note sued upon was payable to the order of A. P. Smith, and that said note did not bear any indorsement of said Smith or of any other person; (2) because appellee had not set forth a sufficient cause of action in her petition such as entitled her, as an heir at law of A. P. Smith, to maintain this suit, and by way of further answer, pleaded in substance as follows: The execution and delivery to said A. P. Smith by appellants of the note sued on, and that said note was payable to the order of A. P. Smith and does not bear any indorsement by said Smith or any other person. That some time during the month of February, 1910, the said Smith died intestate, and that there has been no administration on said estate in this state. That appellee, who resides in the state of Arkansas, is seeking to recover from appellants the amount of said note without establishing her legal right thereto. That said note is now due and unpaid, and by reason of the death of said A. P. Smith, and no administration having been had on said estate, and the time allowed by law for the opening of administration on the estates of decedents not having expired, the debt, as evidenced by said promissory note, became a trust fund in the hands of appellants for the payment of debts due (from) said estate and for proper distribution among lawful heirs of said estate, and that appellants could not at this time lawfully pay said note to Nancy M. Smith as the sole heir at law of said estate, or to any other person, without incurring the responsibility of having voluntarily paid over money due said estate to a person who has not shown herself legally entitled to receive the same, and that the repayment of said sum of money the appellants could and would be compelled to make to an administrator to settle the affairs of said estate. Appellants further allege their willingness at all times to pay said note since its maturity, upon its being presented by any person showing herself entitled to receive the same, and now bring the money into court for the purpose of paying said note should the court find that said Nancy M. Smith is the sole and only heir to said estate, and further allege that as appellee had at no time before this suit shown herself to be the legally constituted person to receive said money, and that the appellants have at all times been ready to pay the same to such person, that appellants ought to be relieved from the 10 per cent. collection fees sued for by appellee and for all costs of this suit, and that the court ought to grant to appellants such other and further relief as will relieve them from all further liability on said note, and ask judgment of the court that they be allowed to pay the said note and interest, and that, in so far as attorney's fees are concerned, they be allowed to go without day, and that they recover their costs in this behalf expended and for such other and further relief as to the court might seem just and right. Appellants also further answered, by supplemental plea in reply to plaintiff's pleadings, "that at the time of the filing of this suit there were other debts owing by the estate of A. P. Smith." The trial in the county court, as shown by the record, was had upon the issues made and the pleadings filed in the court below, and judgment was rendered on October 11, 1910, in favor of appellee, overruling appellants' plea to the jurisdiction of the court and exceptions to the petition and awarding to appellee a recovery for the amount of her debt, as shown by the note sued on and stated at the sum of $153.45, together with all costs of suit and interest at the rate of 10 per cent. per annum on said judgment.

[1] We are of the opinion, in view of the pleadings as shown by the record in this case, and of the evidence adduced upon the trial of the same, that there was no error upon the part of the court in overruling appellants' plea to the jurisdiction of the court below and in rendering the judgment complained of. Article 2220, Sayles' Texas Civil Statutes 1897, is as follows: "Where the husband or wife dies intestate or becomes insane, having no child or children, and no separate property, the common property passes to the survivor, charged with the debts of the community, and no administration thereon or guardianship of the estate of the insane wife or husband shall be necessary." We think that it sufficiently appears from the record and the evidence in this case that appellants were indebted in the amount of the note to A. P. Smith at the time of his death; that said Smith died prior to the institution of this suit; that said note was due and was a part of the community estate of deceased and appellee, Nancy M. Smith; that said deceased left no child or children surviving him, to support the judgment in favor of appellee; that under the statute above quoted appellee was the owner of the note sued on and had the right to maintain this action; and that no administrator was necessary in order to authorize her to do so. Wall v. Clark, 19 Tex. 321.

[2] We further hold that under article 1568, Sayles' Texas Civil Statutes, the justice court of precinct No. 1, Lubbock county, had original jurisdiction to hear and determine said suit, and that the county court of Lubbock county, under the statute, had appellate jurisdiction of the same.

[3] We do not acquiesce in or think the contention of appellants well founded as set out in their answer, to the effect that upon the death of A. P. Smith, and no administration having been had upon his estate, and the time allowed by law for the opening of the administration having not expired, the debt, as evidenced by the note in this case, became a trust fund in the hands of appellants for the payment of debts due by said estate, and we do not think that appellants, by virtue of their indebtedness to said estate, became in any way charged with the duty to see that said fund was applied to the payment of debts owing by said estate to the satisfaction of the demands of its creditors, and we are further of the opinion that the existence of debts owing by said community to parties other than these applicants would in no way affect the right of appellee as survivor of the community and as owner of the note sued on under the express terms of the statute quoted to maintain this suit. Walker v. Abercrombie, 61 Tex. 74; Woodley v. Adams, 55 Tex. 531.

Finding no reversible error assigned by appellants nor disclosed by the record in this case, we are of the opinion that the judgment of the court below should be affirmed. However, we do not concur in the suggestion of appellee as to 10 per cent. damages under the statute for appealing this case for delay, and we therefore conclude that this cause should be affirmed, without damages, and it is accordingly so ordered.