ALBERT FOWLER ET AL. V. LE ROY RODEN ET AL.

No. 6878.   Decided May 19, 1937.
Rehearing overruled June 16, 1937.
(105 S. W., 2d Series, 187.)

*Nat Gentry, Jr., Nat Gentry, Sr., J. Y. Gray,* of Tyler, and *D. B. Chapin,* of Longview, for plaintiffs in error.

It was error for the trial court to give peremptory instruction to the jury to find for the defendants, because plaintiff's evidence that the citation issued and served in prior suit was

ineffectual to confer jurisdiction of said court over the persons of defendants and would not only support but demand a contrary verdict. De Proy v. Progakis, 269 S. W. 78; Ford v. Baker, 33 S. W. 1036; Longway v. Hale, 11 S. W. 537.

It was error for the trial court to overrule plaintiff's motion for judgment, because the evidence showed beyond question that the judgment in the prior suit had been obtained by reason of collusion of Morgan, Wood and Corbin with the guardian ad litem of the minors to defraud the defendants and that the said Roden was used as a conduit through whom to accomplish their purpose. Sullivan v. Ramsey, 155 S. W. 589; 31 C. J. 1115, 1163.

*Campbell & Leak,* of Longview, *Wm. Hodges,* of Texarkana, *Lasseter, Simpson & Spruiell* and *Troy Smith,* of Tyler, and *Fitze, Williams, Smith & Cook,* of Houston, and *Hurst, Leake & Burke,* of Longview, for defendants in error.

The description of plaintiff's demand contained in the citation in the prior suit was sufficient to confer jurisdiction. Cyphers v. Birdwell, 32 S. W. (2d) 937; Hinzie v. Kempner, 18 S. W. 659; Boothe v. American State Bank of Amarillo, 57 S. W. (2d) 250.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This suit was instituted in the District Court of Gregg County by plaintiffs in error, Della Fowler and others, who will be called plaintiffs, against Le Roy Roden and others, who will be called defendants. The main purpose of the suit was to set aside a judgment entered in the District Court of Gregg County on June 20, 1931, in a cause styled Le Roy Roden v. Della Fowler et al. Plaintiffs also sought to recover title to an undivided 23.65 acre interest in a 30 1/4 acre tract of land in Gregg County. In the trial court, judgment, based on an instructed verdict, was entered against plaintiffs, and this judgment was affirmed by the Court of Civil Appeals. 76 S. W. (2d) 858. The opinion of the Court of Civil Appeals sets out an elaborate statement of facts, and it will only be necessary to make here a condensed statement.

Prior to February 6, 1928, Le Roy Roden and Ab Fowler, who were half brothers, owned jointly the west half of a 76.3 acre tract of land, which in fact contained 96 acres. While in reality they each owned an interest of approximately 23.65 acres in the west half, they supposedly owned only an interest of approximately 19 acres each. On February 6, 1928, Le Roy Roden executed and delivered to his half brother, Ab Fowler,

a deed conveying two tracts of said land aggregating 17 acres. This deed recited a consideration of $1.00. Ab Fowler appears to have accepted said deed, and immediately thereafter conveyed said 17 acres of land to R. M. Wood. This left in reality a balance of 30 1/4 acres; but upon the basis of the supposed acreage in the tract it left a balance of only 22.65 acres.

On January 10, 1931, Le Roy Roden executed to Cora Jackson an oil and gas lease upon his interest in the 30 1/4 acres, reserving a 1/8 royalty in the oil produced. On January 24, 1931, Roden executed to J. I. Morgan a mineral deed conveying his interest in the minerals in the 30 1/4 acres.

Ab Fowler died early in the year 1931. On May 20, 1931, and after the death of Ab Fowler, a suit was filed in the district court of Gregg County in the name of Le Roy Roden against Della Fowler, surviving wife of Ab Fowler, and the three minor children of the said Fowler. Said suit was numbered 7832. The petition in that cause is set out in full in the opinion of the Court of Civil Appeals. Count I of the petition appears to be in form a statutory action of trespass to try title, and the land described is referred to as containing 31 acres, more or less, being all of said west one-half of the original tract, less the 17 acres conveyed by Roden to Ab Fowler on February 6, 1928. Count II of the petition is an alternative plea, wherein it is alleged that on February 6, 1928, Le Roy Roden and Ab Fowler were joint owners of the 39.31 acres of land, being the west half of the 76.3 acres; that on that date they entered into a parol partition of the land, by the terms of which Ab Fowler was to take as his portion the 17 acres described in the deed of that date; that in pursuance of said agreement Le Roy Roden executed and delivered to the said Ab Fowler the deed mentioned, which was accepted by Fowler, and said 17 acres were taken by him as his part and portion of said 39.31 acres of land; that the said Ab Fowler died shortly thereafter and before having executed to said Le Roy Roden a deed of conveyance to the balance of said tract. There was a prayer that said partition agreement be confirmed, and that plaintiff have judgment vesting in him title to the said 31 acres, more or less, which represented the balance of said tract of land.

Citations were issued on May 20, 1931, and duly served on each of the defendants named in the petition. Della Fowler made default. The court appointed a guardian ad litem to represent the minor defendants, and such guardian ad litem filed answer. On June 20, 1931, judgment was entered in the cause. It recited legal service upon Della Fowler and that she failed to appear and answer. It further recited service upon each of

the minors and the appointment of a guardian ad litem. It then recited submission of the cause to the court without a jury, and the findings of the court upon the evidence adduced. These findings were in accord with the allegations of plaintiffs' petition, to-wit, the joint ownership of the land by Roden and Fowler, the parol agreement of partition, the execution of the deed of February 6, 1928, by Roden to Fowler in consummation of the agreement, the acceptance of the deed by Fowler, and the death of Fowler before execution of the deed to Roden. The decree of the court thereupon ratified and confirmed the parol partition, and further adjudged to plaintiff Le Roy Roden, and against Della Fowler and the children of Ab Fowler, the title and possession of the 31 acres, more or less. The citation served upon the defendants and the judgment of June 20, 1931, are set out in full in the opinion of the Court of Civil Appeals.

The present suit was filed December 4, 1931, the plaintiffs being the defendants in the above mentioned cause. The minors were represented by next friend. As above stated, the main purpose was to set aside the judgment of June 20, 1931, and to recover an undivided interest of 23.65 acres in the said 31 acres, more or less. Plaintiffs alleged that the deed of February 6, 1928, by Le Roy Roden to Ab Fowler was not for partition purposes, but was an outright conveyance by Roden of an interest of 17 acres in his one half interest, leaving in him an interest of 6.65 acres in the balance of the tract; the remaining 23.65 acres being owned by plaintiffs.

1 Attack was made on the judgment of June 20, 1931, upon several grounds. It will not be necessary to mention but two of them. The first ground is that the judgment in question was wholly void for lack of jurisdiction, because the petition did not contain an allegation that no administration was pending on the estate of Ab Fowler and there was no necessity for one. Reliance is had upon Article 1982 of the Revised Statutes of 1925, which provides: "In every suit against the estate of a decedent involving the title to real estate, the executor or administrator, if any, and the heirs shall be made parties defendant." If it be assumed that this was a suit against the estate of a decedent, nevertheless the contention mentioned is answered by the case of Pure Oil Company v. Tunnell, 126 Texas 57, 86 S. W. (2d) 207, in which case it is held that in an action of trespass to try title the statutory elements of such an action is all that is necessary for jurisdictional purposes, "and a petition of this sort which alleges nothing more is legally sufficient." In the absence of a plea in abatement, or special exceptions, or objections to the testimony on the part of Della Fowler, the

trial court had jurisdiction to render the judgment in question against her. As to the minor defendants they appeared by guardian ad litem and answered, and it will be assumed, in view of the fact that no plea in abatement was filed, and no objections made to the judgment, that the trial court found the facts necessary to support jurisdiction.

2   The next ground relied upon by plaintiffs which it is necessary to notice is the contention that the judgment of June 20, 1931, was obtained by fraud. It is not contended that Le Roy Roden, plaintiff in that cause, did any act of fraud. The alleged fraud was on the part of J. I. Morgan and others. The substance of all of the allegations in this respect is that Morgan and others conspired together for the purpose of preventing Della Fowler and the other defendants from learning that they had been sued, and from making any defense in said cause. Of course as to the minors these allegations are fully answered by the fact that they were served with citation, were represented by a guardian ad litem, and did make answer and defense. As to Della Fowler, it is manifest that she could not claim that she did not know she was sued when it is shown affirmatively that she was served with citation. As to the allegation that she was prevented from making a defense by J. I. Morgan, we have carefully read all of the testimony, and find that there was no proof even tending to show that she was in any manner prevented from making a defense if she had desired to do so. The substance of all the proof is that Morgan told her that it would be necessary for her to attend court in response to the citation; that he took her to the county seat; and that when they reached he court house she was told by Morgan to remain in the automobile, and if the court wanted her he, Morgan, would return for her. In light of the requirements resting upon her as a consequence of being served with writ of citation, this testimony does not tend to show that she was in any manner prevented from ascertaining her rights and engaging counsel to represent her. In fact, it is shown by the testimony of one of the attorneys for plaintiffs in the present action that Della Fowler interviewed him with reference to her rights in the land in April or May prior to the entry of the judgment in June. Certainly it must be assumed that if she had desired to make any defense to the suit in question, she would have promptly conferred with such attorney upon being served with the citation.

3   All other objections to the judgment become immaterial in light of the fact that the evidence does not tend to show that plaintiffs had a meritorious defense to the prior suit. As the

judgment was not entered by fraud its recitals become binding. They show the agreement of partition, and the execution and delivery of the deed of February 6, 1928, for the purpose of effectuating that agreement. In addition, the execution and delivery of the deed with the recited consideration of only $1.00 and conveying approximately the supposed acreage which Ab Fowler was entitled to receive is a strong circumstance to establish the partition agreement. There was no evidence offered tending to show that the partition agreement was not made. Plaintiffs used Le Roy Roden as a witness and he testified positively that the agreement was made, that the deed of February 6, 1928, was executed to carry it into effect, and Ab Fowler paid him no consideration. The only evidence to the contrary was testimony by plaintiffs' attorneys concerning statements made to them and in their presence by Le Roy Roden prior to the trial. The sole effect of this testimony was to contradict or impeach the testimony of Roden, and it could not be regarded as affirmative proof tending to show that no partition was ever made. After considering all of the testimony offered, we are of the opinion that there was not a particle of proof tending to contradict the recitals of the judgment. The partition between Ab Fowler and Le Roy Roden divested Fowler of all interest in the land in question, and plaintiffs had no meritorious defense to the prior action, even if the judgment of June 20, 1931, had been set aside.

For the reasons stated, the judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court May 19, 1937.

Rehearing overruled June 16, 1937.