## ANTONE v. STILES et al.

### No. 6088.

Court of Civil Appeals of Texas. Texarkana.

Jan. 6, 1944.

B. Ray Smith, of Paris, for appellant.

B. F. Edwards, of Clarksville, for appellees.

HALL, Justice.

Appellees, E. R. Stiles and Mrs. Minnie A. Scaff, surviving wife of Dr. C. D. Scaff, instituted this suit in trespass to try title against appellant for title and possession of a city lot upon which was located two small rent houses in the city of Clarksville, Texas. Appellant answered with the usual general denial and plea of not guilty, and in addition pleaded the 3, 5 and 10-year statutes of limitation. Trial to a jury resulted in a verdict for appellees and judgment was entered for them accordingly.

By appellant's 1st point, the contention is made that the children of appellant being the owners of the property at the time of the trial were necessary and indispensable parties to the suit. The children of appellant were not parties to the suit and appellees' failure to make them parties-defend is now urged as fundamental error.

At the beginning of the trial, the parties entered into the following agreement with respect to the common source of title: "It is agreed by and between the parties plaintiff and defendant that the common source of title to the land in controversy

described in plaintiffs' original petition is Hudson P. Ellis, and that title was vested in him on January 30, 1929." On January 30, 1929, Hudson P. Ellis conveyed the lot in controversy to Dr. C. D. Scaff, and on March 1, 1930, Dr. Scaff conveyed a ½ undivided interest in the lot to appellee Stiles. Dr. Scaff died in July 1938.

Upon trial of the case in the court below appellant sought to introduce an instrument, denominated by him a deed, describing the land in controversy. The trial court refused its introduction on the theory that the parties could not impeach the common source. Generally speaking, such action by the court would present error, but under the particular agreement as to common source set out above, we think the ruling was correct. It will be noted that the common source agreement went further than the ordinary one. It expressly stated "that the title was vested in him (Hudson P. Ellis) on January 30, 1929." This, in our opinion, amounted to an admission by appellant in open court that Hudson P. Ellis, through whom appellees deraign title, had the title to the lot on the very day he conveyed it to Dr. C. D. Scaff, and appellant would not be permitted to dispute said admission. But, aside from above holding, there is another sufficient reason for overruling this point. It was appellant's contention in the trial court that on the date Hudson P. Ellis executed the deed to Dr. Scaff, the lot thereby conveyed belonged to appellant and was being held for him by Hudson P. Ellis. That the deed from Ellis to Dr. Scaff was in fact a mortgage given as security for money borrowed by appellant from Dr. Scaff and for certain other indebtedness owing by him to Dr. Scaff and the Stiles Drug Company. There is a total absence in this record showing or tending to show that appellant's children had any sort of title or claim to the lot in controversy. No deed or other instrument placing title in them is shown in either the statement of facts, bill of exception, or motion for new trial. We are not informed in any manner by the record the nature or extent of the children's holding, if any they have. To the contrary, appellant testified:

"Q. Mr. Antone, is it your contention that you own the property they are suing you for? A. Yes.

"Q. Did you pay Hudson P. Ellis for the property? A. Yes. * * *

"Q. And you owned this property in the name of Hudson P. Ellis? A. Yes."

This testimony clearly refutes the contention now advanced by appellant to the effect that his children are the fee simple owners of the property. This point is overruled.

■■ By his 2d point, appellant asserts that: "Inasmuch as, co-plaintiff Mrs. Minnie A. Scaff as heir of her deceased husband brought a joint suit with co-plaintiff E. R. Stiles in trespass to try title for the instant property, and no proof was made regarding administration of her husband's estate, this cause should be reversed." As shown by our statement in the beginning of this opinion, this is a statutory action in trespass to try title brought by E. R. Stiles, joined by Mrs. Scaff, surviving wife of Dr. C. D. Scaff. There was no administration on the estate of Dr. Scaff and appellees' original petition did not allege that there was no necessity for administration. Such an allegation was not necessary under the provisions of R. C. S. Art. 7366 and Texas Rules of Civil Procedure, Rule 783, in an action of trespass to try title. Fowler v. Roden, 129 Tex. 599, 105 S.W.2d 187. Mrs. Scaff testified without contradiction that this property was a part of the community estate of herself and her deceased husband; that she and Dr. Scaff were married in 1907 and lived together thirty-one years; that they had no children. Under such state of facts no administration of Dr. Scaff's estate was necessary, and appellee Mrs. Scaff, as respects this property, could sue and be sued in her individual capacity. R.C.S. Art. 3662; Graves v. Smith, Tex.Civ.App., 140 S.W. 487. This point is overruled.

By Point 3, appellant complains of the action of the trial court in refusing to permit him "to go back of such common source of title for the purpose of defeating plaintiffs' suit." What we have said in discussing appellant's Point 1 above is equally applicable to this point, and it is overruled.

■■ Appellant contends next that "the trial court committed reversible error in overruling defendant's objection to plaintiffs' attorney's violation of Civil Procedure, Rule 269, Sec. b, in that, said attorney failed in his opening argument to cover his entire case, but was by the court allowed to, and did, in his closing argument discuss the whole of his case, including all special issues as well as, and in addition to, all the evidence in support thereof." The bill of exception forming the basis of this point asserts that appellant in his opening

argument used only thirteen minutes of the forty-five minutes allotted him; that he did not discuss any issue in the charge nor the evidence pertaining thereto but used the thirteen minutes "in discussing the general evidence in the case." That said attorney used the remainder of his time in his closing argument and "discussed all the evidence as well as each of the issues by the court to the jury in his charge submitted, and, in such closing argument, applied the evidence as had been admitted in the case to the various special issues, and each of them, in the light most favorable to his clients." To the bill of exception the trial court added the following qualification:

"The foregoing Bill of Exceptions was in open Court and to the Court presented, and by it approved and ordered filed this the 22nd day of May, A. D. 1943, after the same had been duly and timely presented to plaintiffs' attorney, B. F. Edwards, Esq., with the qualification and explanation that while plaintiff's attorney, B. F. Edwards, did not read the Court's charge to the jury, and did not tell the jury how, in his opinion, any issue ought to be answered, he did discuss the evidence pertaining to each issue submitted in what the Court considered a fair and logical manner, and covered all of the issues submitted from his standpoint in his discussion of the testimony.

"Defendant's counsel made quite an argument to the jury and, as the Court recalls, used all his time, and plaintiffs' counsel, in his closing argument, replied to the argument made by defendant's counsel. The Court will observe that only one issue was answered by the jury, and upon that, the defendant had the burden of proof. The last two issues were not answered by the jury because the Court, after the jury had retired, withdrew from their consideration said two issues."

The conflict between appellant's bill of exception tendered and the qualification appended thereto by the court is at once apparent. The trial court simply states that the acts complained of in the bill of exception did not occur. Appellant urged no exception to the court's qualification but accepted said bill as qualified. Under such circumstances the correctness of the trial court's qualification to the bill of exception cannot be assailed in this court but must be accepted as true. The argument of appellees' counsel as reflected in the trial court's qualification was not improper but was in compliance with Rule 269 Texas Rules of Civil Procedure; Conner v. McAfee, Tex. Civ.App., 214 S.W. 646, writ refused; Fenner v. American Surety Co. of N. Y., Tex.Civ.App., 156 S.W.2d 279, writ refused; Casualty Reciprocal Exchange v. Berry, Tex.Civ.App., 90 S.W.2d 595, writ refused. This point is overruled.

The other points presented by appellant relate to the action of the trial court in submitting certain special issues to the jury and permitting argument thereon, which issues were withdrawn by the court after the jury had retired to consider the case. Special issue No. 1, not withdrawn, inquired of the jury, in effect, whether the deed from Hudson P. Ellis to C. D. Scaff was intended as a lien as security for a debt owing by appellant to C. D. Scaff and E. R. Stiles. This issue was answered in the negative. The issues withdrawn from the jury had direct relation to appellant's evidence and were properly submitted to the jury; however, the trial court committed no error in withdrawing said issues from the consideration of the jury in order to meet appellant's objection to their submission. Special issue No. 1 was the controlling issue in the case. A negative answer to it by the jury rendered unnecessary any further inquiry. These points, in our opinion, present no error and are overruled.

The judgment of the trial court is in all things affirmed.