## IZARD v. TOWNSEND et al.

No. 11958.

Court of Civil Appeals of Texas. Galveston.

Feb. 5, 1948.

Sam G. Croom, of Houston, for appellant.

Pitts & Liles and W. C. McClain, all of Conroe, for appellees.

CODY, Justice.

This is an appeal from the action of the court below granting a temporary injunction against the defendant (appellant here), pending the hearing on the merits of the suit, which was one for partition by plaintiffs against defendant. By its terms, the temporary injunction enjoined defendant from selling or offering for sale two sorts

667

·of property: (1) Any cattle bearing certain specified brands, or their offspring; (2) any real estate in the State of Texas which was acquired by defendant with the proceeds from the sale of cattle bearing said brands.

Prior to the hearing at which the court so granted the temporary injunction, the court, ex parte, granted a temporary restraining order against defendant selling, pending the hearing on the temporary injunction, cattle bearing the stated brands.

As stated above, this is a suit for partition. The plaintiffs sued as heirs of D. P. Izard, deceased, against defendant as the remaining heir of the said D. P. Izard, other than plaintiffs. Stated broadly, the theory of plaintiffs' suit is: That D. P. Izard and defendant jointly owned cattle of the approximate value of $115,000 at the time D. P. Izard died intestate. That thereupon the plaintiffs became the owners of an undivided ⅖ths interest, and the defendant the owner of an undivided ⅗ths interest in said cattle. That defendant, with the purpose of depriving plaintiffs of their rights in the cattle, was selling them off. That defendant, with the proceeds of some of the cattle he had so sold, had purchased certain real estate. The purpose of the temporary injunction was to prevent the sale of any cattle pending the trial of the case on the merits.

Defendant predicates his appeal upon nine points, the first two of which are to the effect that it was a fundamental and jurisdictional requirement, in order that plaintiffs show a right, as heirs, to bring this suit, that they plead and prove there was no necessity for an administration on the estate of D. P. Izard who, according to plaintiffs' own allegations, had died intestate less than a year before this suit was filed.

Plaintiffs alleged in their petition that the plaintiffs and defendant were the children, and the sole surviving heirs, of D. P. Izard; that their said father "had died intestate in the County of Waller less than a year ago and that no administration had been had on the estate of the said D. P. Izard, deceased; that there is no representative qualified to act and the interest of the estate requires immediate action, as will hereinafter be more fully shown." Then follow allegations in support of the allegation "and the interest of the estate requires immediate action." It will be noted that plaintiffs' petition contains no allegation to the effect that there was no necessity for an administration on the estate of D. P. Izard, deceased.

We overrule defendant's first two points. By said points, defendant seeks to invoke, as against the right of plaintiffs to maintain this suit as the heirs of D. P. Izard, the rule which is well settled in this State that, "before heirs, as such, can maintain a suit to recover a chose in action or other property which has descended to them, within the period allowed by law for the taking out of an administration, they must plead and prove facts entitling them to prosecute the action, and, in the event the suit is brought within the four-year period allowed by law for an administration, they must plead and prove that there is no administration pending and none necessary. A petition that fails to affirmatively allege these facts is fatally defective and subject to a general demurrer." Youngs v. Youngs, Tex.Com.App., 26 S.W.2d 191, 193, and authorities there cited.

It has, we believe, never been held that the courts were without *jurisdiction* to render judgment in a suit brought by heirs, as such, merely because they did not allege there was no necessity for administration on their ancestor's estate. At most such a petition was but subject to a general demurrer, as appears from Youngs v. Youngs, supra. Indeed, in the case of Fowler v. Roden, 129 Tex. 599, 105 S.W. 2d 187, 189, the contention was made that the judgment rendered therein was void because the court was without jurisdiction to render judgment where the suit was by the heirs as such, and there was no allegation that there was no necessity for administration. In that case the court held: "In the absence of a plea in abatement, or special exceptions * * * the trial court had jurisdiction to render the judgment in question against her."

But general demurrers have been abrogated in our practice by the adoption of Rule 90, Texas Rules of Civil Procedure. This Court held in Texas Osage Co-Op. Royalty Pool v. Kemper, Tex.Civ.App., 170 S.W.2d 849, 852, writ refused, speaking through Chief Justice Monteith, that Rule 90 "indicates an intent on the part of the rule makers and the State Legislature to simplify our trial procedure by providing that defects of form or substance in a pleading will be deemed to have been waived where they have not been raised by exception or objection in the trial court." We do not see how defendant can now raise any objection to the pleadings which, by law he must be taken to have waived in the trial court. In a word, in order to invoke the rule stated in Youngs v. Youngs, under our present practice rules, defendant should have urged his objections to plaintiffs' pleadings as being insufficient in the trial court.

■ However, it is made clear by plaintiffs' allegations they were relying on their right to bring suit as heirs, on another exception to the general rule that a suit on causes of action relating to the estate of a decedent must be prosecuted by the personal representative, and not by the heirs, devisees or legatees. The exceptions to such general rule are as well settled as the rule itself. "In the following instances it has been held that the heirs, devisees or legatees may sue alone: (1) where no administration is pending and none is necessary; * * * (4) where the interest of the estate requires immediate action and there is no representative qualified to act; * * * ." 14 Tex.Jur., 300. The boiled down substance of plaintiffs' allegations seeking to bring their suit within the above numbered exception (4) to the general rule is as follows:

That at the time of the death of D. P. Izard, and ever since, the defendant was in possession and control of certain cattle of which the deceased was part owner, which cattle bore certain specified brands. That the number and whereabouts of said cattle were and are to plaintiffs unknown, but well known to defendant. That defendant had, since the death of the father, made sales of said cattle, and invested the proceeds of such sales in real estate which plaintiffs believe is located in Harris and Waller Counties. That the estimated value of proceeds of such sales, so invested, and of the cattle remaining unsold, which belong jointly to the parties, is $115,000. That defendant has refused to account to plaintiffs. That the livestock remaining unsold is in the possession and under the control of defendant, who is offering same for sale in order to realize the value thereof before this suit can be prosecuted to judgment, "to the end that these plaintiffs' interest therein will be disposed of and to the irreparable injury and damage of plaintiffs in the sum of approximately forty-six thousand ($46,000.00) Dollars, for which plaintiffs have no adequate remedy at law." As indicated above, plaintiffs alleged that they and defendant were the joint owners of the property in undivided shares, respectively, of $2/5$ths interest, and $3/5$ths interest.

■ Defendant levelled no special exceptions as to the sufficiency of said allegations, and, as heretofore indicated, their sufficiency cannot be drawn in question on appeal for the first time. The Court, by issuing the temporary injunction, presumably found that the evidence was sufficient, at least pending the trial on the merits, to authorize this suit by the heirs of the deceased within the purview of the exception numbered 4, quoted above. No findings of fact were requested by defendant. We have carefully considered the evidence adduced at the hearing. Only two witnesses testified, one of whom was a neighbor, and the other of whom was defendant, who was called by plaintiffs to testify under the adverse party rule.

■ Defendant admitted while testifying that he may have sold 200 head of cattle in 1946, after the death of his father, and also that he sold some 1100 head in 1947, and that he had no record of any sales of cattle made by him, or the amount of money received by him therefor. He testified that shortly before the trial his records were stolen from a trunk in his home. He repeatedly testified in answer to insistent questions propounded by plain-

tiffs that he had not sold any cattle on the Friday night before the Saturday on which he was served with the temporary restraining order, before he admitted that he had indeed sold 250 head of cattle on said Friday night to a man who lived at Iola, Texas, receiving therefor some $21,000 in cash. Without detailing further evidence, and in the absence of any findings of fact, we will presume in support of the court's action that, for the purpose of this appeal, there was sufficient evidence to warrant the court in concluding that though there was no administration, and no showing that none was necessary, the interest of the estate required immediate action for its preservation, and that the heirs might bring the suit.

Defendant's points 3, 4, 5, 6 and 7, complain that it was error to grant the injunction because (a) the evidence did not show that plaintiffs did not have a plain, complete and adequate remedy at law; (b) the evidence showed defendant was wholly solvent and able to answer in damages any claims of plaintiffs; (c) plaintiffs' allegations of irreparable damages, if the temporary injunction were not issued, were mere conclusions; (d) the evidence failed to show that plaintiffs would suffer any damages which could not be recovered in a suit at law, the defendant being solvent. We overrule these points.

 It is well settled that the granting or refusing of a temporary injunction is within the sound discretion of the trial court and is not reviewable on appeal unless it clearly appears from the record that there has been an abuse of such discretion. Harris County v. Bassett, Tex.Civ.App., 139 S.W.2d 180, writ refused; International Ass'n, etc., v. Federated Ass'n etc., Tex. Civ.App., 109 S.W.2d 301, 305, writ dismissed 133 Tex. 624, 130 S.W.2d 282; Nagy v. Bennett, Tex.Civ.App., 24 S.W.2d 778, writ refused. See also Hotel & Restaurant, etc., v. Longley, Tex.Civ.App.,

160 S.W.2d 124, 126; Frisby v. Rockins, Tex.Civ.App., 105 S.W.2d 362, 364. We have considered the evidence, and are unable to say that it clearly appears the court abused his discretion in issuing the temporary injunction.

Defendant's point 8 is to the effect that the court erred in enjoining defendant from selling the real estate acquired with the proceeds of the sale of the cattle, etc., because there are no allegations in the petition to support that portion of the injunction, nor does the prayer of the petition seek such relief as to such real estate.

Defendant's point 9 is to the effect that the court erred in summarily, and on its own motion only, granting that portion of the temporary injunction which enjoined the defendant from selling the real estate in question.

 We sustain points 8 and 9. There are no allegations in plaintiffs' petition to the effect that defendant would sell the real estate unless restrained. The temporary restraining order, which was issued before the temporary injunction, was limited to the cattle. In the state of the pleading it cannot be said that the prayer sought a temporary injunction against the sale of the real estate. We think that the action of the court in granting the temporary injunction insofar as the real estate was concerned was not warranted by the pleadings, and to that extent the injunction must be modified. See James v. E. Weinstein & Sons, Tex.Com.App., 12 S.W.2d 959.

The action of the court in granting the temporary injunction enjoining the sale of the real estate acquired with the proceeds of the sale of the cattle will be reversed, and the judgment of the trial court here modified so as only to temporarily enjoin, pending the final hearing on the merits, the further sale of any cattle belonging to the estate of D. P. Izard, deceased.

Modified and affirmed.