## Andrew DUTCHOVER et al., Appellants,

v.

## Jim DUTCHOVER et al., Appellees (two cases).

### Nos. 5399, 5400.

Court of Civil Appeals of Texas.

El Paso.

March 30, 1960.

E. B. O'Quinn, Marfa, for appellants.

Mae M. Ament, Alpine, for appellees.

LANGDON, Chief Justice.

Appellants, Andrew Dutchover, et al., instituted suit against appellees Jim Dutchover, et al., in trespass to try title to recover title and possession of a certain tract of land in Jeff Davis County. The suit was filed on February 23, 1955, and was docketed as Cause No. 889 in the District Court of Jeff Davis County. Cause No. 895, upon the docket of the same court, was a suit filed August 20, 1955, by the same appellants against the same appellees, to obtain a construction of two wills, individually and in conjunction with each other, and particularly with reference to the testamentary disposition of the certain tract of land that was the subject of appellants' action in

Cause No. 889. The two cases were tried separately by the court, without a jury, on March 17, 1958, and separate judgments were rendered in each case on March 31, 1959 and filed on April 2, 1959. Appeals have been perfected in each of the cases. The appeal in Cause No. 889 is docketed in this court as No. 5399, and the appeal in Cause No. 895 is docketed as No. 5400.

We are of the opinion that Cause No. 5400 on the docket of this court should be consolidated with Cause No. 5399 for purposes of this opinion, and it is so ordered.

No statement of facts was filed in either of the two cases now before us. However, in each case the trial judge, at the request of appellants, made findings of fact and conclusions of law, and these are contained in the transcripts filed herein.

In the trespass to try title suit, the trial court sustained appellees' plea in abatement and dismissed appellants' action. Cause No. 5399 is an appeal from that order.

■ An examination of appellants' pleadings reflects that the action in trespass to try title was framed in the formal manner authorized by Rule 783, Texas Rules of Civil Procedure. We believe the law in Texas is well settled that the plaintiff in a trespass to try title suit is not required to allege facts which show his right to sue, even though the action is one which seeks to affect assets of a decedent brought by or against the heirs within four years of the death, and it is not necessary, in a formal petition, to allege that there is no administration or need therefor, provided the pleading does not, on its face, show that the parties are heirs. Pure Oil Co. v. Tunnell, 126 Tex. 57, 86 S.W.2d 207; Fowler v. Roden, 129 Tex. 599, 105 S.W.2d 187; Antone v. Stiles, Tex.Civ.App., 177 S.W.2d 246.

Although this action was brought against, among other defendants, Mrs. Esther J. Dutchover, a widow, individually and as independent executrix of the estate of Ed Dutchover, deceased, we deem it unnecessary to pass upon the question of whether this fact alone was sufficient to show on the face of the pleadings that the suit was one against heirs, seeking to affect assets of a decedent, and thus requiring plaintiffs to allege that no administration was pending upon the estate of the said Ed Dutchover, deceased, and that none was necessary.

Appellees alleged in their plea in abatement that the lands involved in appellants' trespass to try title action are lands belonging to the estate of Ed Dutchover, deceased; that the will of the said Ed Dutchover, deceased was probated anterior to the filing of appellants' suit in trespass to try title; that the probate of said will was contested by these appellants and an appeal taken by them in said probate proceeding from the County Court to the District Court, where said cause is still pending; that large claims have been filed against the estate and are unpaid.

■ Since this appeal was not accompanied by a statement of facts, we are confined, in our review of this appeal, to the findings of fact and conclusions of law filed by the trial court and stated in its judgment, and we must assume that such findings of fact are supported by the evidence. In such case, only the correctness of the legal conclusions from the facts actually found may be reviewed by the appellate court.

The court found that appellants' cause of action was one in trespass to try title to lands belonging to the estate of Ed Dutchover, deceased, against others claiming it, while there was an administration pending. It also found that, at the time said trespass to try title suit was filed, there was pending in the County Court of Jeff Davis County an administration upon the estate of Ed Dutchover, deceased, and that the evidence showed, beyond controversy, that the will of Ed Dutchover, deceased, had been duly probated, and that there were many claims unsettled.

■ We do not agree with appellees' contention that the plaintiffs' petition, in a strictly formal trespass to try title action, must contain an allegation that no administration was pending upon the estate of the deceased and none was necessary. If, during the trial, however, it develops, as it has here, that the cause of action is one involving assets which may be decreed a part of a decedent's estate, it then becomes necessary, as a jurisdictional matter, for the plaintiff to prove that no administration is pending and none is necessary. This, the appellants failed to do, and, in the absence of such proof, the only proper judgment to be entered by the trial court was the order of dismissal, and this was done. Wilson v. Wilson, Tex.Civ.App., 216 S.W.2d 684.

Having carefully considered the points of error assigned by appellants, we are of the opinion that the trial court's judgment of dismissal of appellants' suit in trespass to try title was correct. Appellants' points of error, and each of them, are overruled, and the judgment of the trial court in Cause No. 889 on the docket of the District Court of Jeff Davis County (Cause No. 5399 on this appeal), is affirmed.

This brings us to a consideration of Cause No. 5400 between the same parties, which is an appeal from a judgment adverse to plaintiffs (appellants), in a suit brought by appellants, who are the children of Ed Dutchover, deceased, by a former marriage, against appellees, who are the children and the surviving wife of the second marriage of the said Ed Dutchover, deceased. The deceased made one will on April 1, 1953, by the terms of which he plainly left certain of his property to the children of his first marriage. Thereafter, on March 8, 1954, he made another will wherein he expressly revoked all other wills, and by the terms of which he left all of his property,—real, personal and mixed—to his second wife, Esther, for life, with the remainder to eight named children born of his marriage to Esther. In the first will the testator appointed Andrew Dutchover independent executor, and in the second will he appointed his wife, Esther, as his independent executrix. Thereafter, Ed Dutchover died, and the will dated March 8, 1954, was filed for probate in the County Court of Jeff Davis County. This will was admitted to probate, but while the proceedings were pending appellants filed the will of April 1, 1953, in the County Court of Jeff Davis County, and attempted to have that will probated and to contest the probate of the will of March 8, 1954. The Probate Court refused to probate the will of April 1, 1953, but admitted the will of March 8th to probate. Appellants appealed from the ruling of the Probate Court to the District Court of Jeff Davis County, the appeal in such cause being No. 891 on the docket of the District Court of Jeff Davis County, which cause is apparently still pending on the docket of said court. While the existence of such suit is a matter which the trial court may have noticed judicially, the nature of the proceeding and the actual relief sought thereby is not before us. It is simply another suit growing out of the controversy over the two wills.

■ In the suit before us, appellants sought to have the two wills involved in this controversy construed. The first will, standing alone, is unambiguous. The language used by the testator is clear, definite and incapable of any other meaning than that conveyed by the words used. Where there is no ambiguity, technical rules of construction have no application, and the court is confined to a mere legal interpretation and the enforcement of the testator's intention. Johnson v. Moore, Tex.Civ.App., 223 S.W.2d 325.

The second will unequivocally and expressly revoked the first will, and its language is also clear, definite and incapable of any other meaning than that conveyed by the words used. The court having determined that the first will had been expressly revoked by the terms of the second will, no useful purpose would have been served had the court attempted to construe

the first will, either separately or in conjunction with the second will. The words of revocation contained in the second will rendered the first will an absolute nullity, to the same extent as though such first will had never been made.

Appellants contend that the suit filed by them was one solely for the construction of the two wills, and that the court erred in holding that one of the wills was a valid will and the other revoked; that it erred in sustaining the action of the probate court and in decreeing the manner in which the property was vested under the terms of the will. If we correctly understand appellants' position, they argue that since this action is not an appeal to the District Court from the Probate Court's judgment, and is a separate action for construction of the two wills; and because there is another suit as yet untried, being Cause No. 891 on the docket of the District Court, wherein the District Court is asked to review the judgment of the Probate Court, the trial court has no jurisdiction to decide the matters it is attempting to adjudicate in the cause now on trial.

The jurisdiction of the court to decide these matters in the present proceeding is attacked by appellants on constitutional grounds. They cite Griggs v. Brewster, 122 Tex. 588, 62 S.W.2d 980, by our Supreme Court, which we think supports the judgment of the trial court, and is not authority for the contentions made by appellants. The only other case cited by appellants is the case of Stanley v. Henderson, 139 Tex. 160, 162 S.W.2d 95. We have concluded that the Henderson case has no application to the facts of the present base.

The trial court unquestionably had jurisdiction over the subject matter of the suit. It was a suit asking the court to construe the two wills of the decedent. The jurisdiction of the court was invoked by appellants; and, in such cases, it has been held that one who has invoked the court's exercise of a jurisdiction within the general powers of a court, may be estopped to raise the invalidity of the action. Spence v. State Nat. Bank of El Paso, Tex.Com.App., 5 S.W.2d 754.

The District Court is the proper tribunal to adjudicate questions of title depending on construction of a will. What the court did was to exercise a power, conferred upon it, to construe the two wills of Ed Dutchover, deceased. Article 5, section 8, Texas Constitution, Vernon's Ann.St. It determined that the will executed on March 8, 1954, by its terms, specifically revoked and canceled the former will; it determined that the will of March 8, 1954, was written in plain, unambiguous terms, and clearly showed the intention of the testator to devise all of his property to his wife, in accordance with the terms of the will, including the land devised to appellants by the terms of the first will; and that such land was the separate property of the testator and formed no part of the community property of the testator and his first wife; and it determined that title to land in controversy was vested in Esther J. Dutchover, the surviving widow of the decedent, in accordance with the terms of the will of March 8, 1954. Griggs v. Brewster, 122 Tex. 588, 62 S.W.2d 980. The District Court had authority to do what it did, and the judgment of the trial court is binding upon all parties thereto.

Appellants' points of error are overruled, and the judgment of the trial court in this cause (No. 5400), as well as in Cause No. 5399, is in all things affirmed.