**Bob Lee MINYARD et al., Appellants,**

v.

**TEXAS POWER & LIGHT COMPANY,
Appellee.**

No. 17061.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 21, 1969.

Andress, Woodgate & Hartt and Wm. Andress, Jr., Dallas, for appellants.

Burford, Ryburn & Ford, and Robert E. Burns, Dallas, for appellee.

OPINION

MASSEY, Chief Justice.

This appeal is from a judgment of dismissal with prejudice in a trespass to try title suit filed by Bob Lee Minyard and Barbara Dian Meyer nee Barbara Dian Minyard. It was contended in such suit that on June 1, 1967, they each owned and are still the owners of an undivided one-fourth interest in certain lands in Denton County, Texas, which were adequately described in their petition. That on June 2, 1967, the defendant, Texas Power & Light Company, unlawfully entered upon and dispossessed them of such premises and presently withholds from them the possession thereof.

In the alternative the plaintiffs alleged that defendant has been in possession and claims to hold same under a condemnation judgment rendered on November 9, 1953, by the County Court of Denton County, in Cause No. 4263 styled Texas Power & Light Company v. Betty Minyard et al. The appeal from the County Court judgment is reported under the style of Minyard v. Texas Power & Light Company, 271 S.W. 2d 957 (Fort Worth Tex.Civ.App., 1954, writ ref., n. r. e.). (The plaintiffs were both minors at the time of this litigation.)

The plaintiffs by their pleadings contend that as to them the condemnation proceedings were void because they were not (1) named individually as defendants; (2) served individually with process; and (3) because no guardian ad litem was appointed to represent their interests. That their mother was owner of an interest in said land at the time of the condemnation suit but the extent of her interest was not set forth in the judgment of condemnation nor by a division of the amount awarded in the condemnation suit for her individual interest, all of which constituted a conflict of interest requiring the plaintiffs to be made parties to the condemnation suit and appointment of a guardian ad litem to represent their interests. (It is to be noted that both plaintiffs at the time of the in-

stant suit were over twenty-one years of age.)

The plaintiffs' prayer was for judgment for title and possession of said land, for removal of the cloud upon their title, for damages, and for all other proper relief.

By way of answer to plaintiffs' trespass to try title suit, the defendant filed a plea in abatement. Under this plea it was urged (1) that plaintiffs' petition was a suit to vacate or set aside a final judgment (in the condemnation suit) in the County Court of Denton County, Texas. That under the facts alleged, said judgment at most was voidable and not void; (2) that this court does not have jurisdiction to vacate the judgment of another court. That such action is within the exclusive jurisdiction of the County Court of Denton County, Texas, and that the District Court in which the suit was filed has no jurisdiction to entertain a collateral attack upon said judgment.

A full hearing was had upon the plea in abatement. On April 8, 1969, the trial judge entered an order sustaining the plea and dismissed the suit "at the cost of the plaintiffs with prejudice to the rights of the plaintiffs to file a new suit in this Court." This action on the part of the trial court was based upon its findings that the plaintiffs' cause of action constituted a collateral attack upon the judgment of December 15, 1953 (the original condemnation action).

We reverse and remand.

■ The District Court of Denton County had the exclusive jurisdiction of the cause of action involving a suit in trespass to try title.

■ Rule 783, Texas Rules of Civil Procedure, prescribes the requisites of a petition in a trespass to try title suit. Rule 788 provides that the defendant in such action may file only a plea of not guilty, and Rule 789 provides that under such plea of not guilty the defendant may give in evidence any lawful defense to the action except the defense of limitations, which shall be specially plead. Rule 804 provides the form of judgment. In such a suit the statutory elements of the action are all that is necessary for jurisdictional purposes, and a petition which alleges nothing more is legally sufficient. Fowler v. Roden, 129 Tex. 599, 105 S.W.2d 187 (Tex.Com.App., 1937); Williams v. Reed, 160 S.W.2d 316 (San Antonio Tex.Civ.App., 1942, ref. w. m.).

As we understand the pleadings, the plaintiffs were making no contention that the original condemnation suit was void or voidable, nor were they contending that the judgment therein should be set aside or vacated. The basis of their alternative pleading was to the effect that because of the reasons above stated their interest in the land in question was not affected by the condemnation judgment. Whether their interests were so affected was the only question to be resolved by the trial court in the plaintiffs' trespass to try title suit.

■ We are of the opinion that the plea in abatement was not the proper legal tool for presentation of the contentions made by the defendant in answer to plaintiffs' trespass to try title suit and that the trial court erred in sustaining the plea and dismissing the action.

■ It is wholly inappropriate to attempt to determine the merits of a plaintiff's claim upon a hearing on a dilatory plea. McDonald, Texas Civil Practice, p. 616, Sec. 7.04, "Dilatory Pleas. A. General. (I) Defined and Distinguished."; Jud v. City of San Antonio, 143 Tex. 303, 184 S.W.2d 821 (1945).

Judgment and order of the trial court is reversed and the cause is remanded with instructions that it be reinstated on the docket for further proceedings not inconsistent with this opinion.