**L. TIMMONS, Appellant,**

v.

**S. H. FOGEL, Appellee.**

No. 14922.

Court of Civil Appeals of Texas.

Dallas.

March 25, 1955.

Rehearing Denied April 22, 1955.

James J. Collins, Dallas, for appellant.

David C. McCord, Jr., Dallas, for appellee.

CRAMER, Justice.

This suit was instituted by Timmons against Fogel, asserting that on or about July 22, 1953 he (Timmons) agreed with Fogel to construct for Fogel, a walk of brick and stone, about 300 feet long and 37 inches wide, steps to entrance, and a 10 x 20 ft. patio, all at his residence in Dallas, for a consideration of $380; that after he had partially performed the contract Fogel made unreasonable demands upon him and ordered him off the premises when he refused to meet such demands; thereby

breaching the contract to his damage in the sum of $380; and, in the alternative, that he is entitled to damages on a quantum meruit basis for the amount of labor and materials furnished by him up to the time he was ordered off the premises by Fogel. He further alleged the reasonable value of the materials used and work completed (more than half of the work) to be $275. That he had purchased certain materials which he left on Fogel's premises, and prayed for damages of $380 for breach of the contract, or, in the alternative, for $275 on a quantum meruit basis. He alleged further that his work and the materials furnished inured to the benefit of Fogel and Fogel had not paid for same. He also sued for $150 attorney's fees. Fogel answered by general denial and further that Timmons agreed and contracted to do the work in question for the sum of $380, but without cause, provocation, or notice, abandoned the work, making it necessary for him to obtain another contractor to finish the job. By cross action he alleged it cost him $516.09 to finish the work and prayed for the that sum plus $250 attorney's fees, or a total of $766.09.

The jury in answer to special issues found: (1) That Timmons did not abandon the contract; (2) that Fogel prevented the completion of the work according to the terms of the written contract; (3) which act by Fogel was unreasonable; (4) that the reasonable value of the work done by Timmons for Fogel was $241.66; and (5) the reasonable cost to Fogel of completing the work called for in the contract was $314.00. No exceptions to the court's charge appear in the transcript.

Both Timmons and Fogel moved for judgment on the findings except that Fogel waived judgment for $41.30 which he stated he was entitled to on the verdict.

On June 24th the trial court overruled Timmons' motion for judgment on the verdict, sustained Fogel's motion for judgment, and on June 25th, 1954 entered judgment that Timmons take nothing.

On July 2, Fogel filed a motion reciting that the prior judgment should be set aside, and that judgment non obstante veredicto should be entered for Fogel.

The trial court granted the motion of Fogel, and on July 8, set aside the former judgment, and entered the judgment, n. o. v., here appealed from, that Timmons take nothing.

Timmons briefs three points of error in substance: Error in (1) rendering judgment n. o. v. for Fogel since the evidence supported the findings; (2) in overruling his motion for judgment on the verdict; and (3) in entering judgment n. o. v. without proper notice to him. These points are countered that the evidence fully supports the trial court's judgment.

Points 1 and 2 will be considered together. They necessitate a review of the favorable evidence to ascertain only if there is any evidence to support the submission of issues 1 to 4 inclusive. Timmons testified, material to these points, that he could have completed the 125 feet of walk within the contract price; that he would have made only his daily wages and no additional profit; that he would not have lost money; that he would have completed the contract if he had not been stopped. On cross examination he testified he took the job too cheap, but he would have finished it and made daily wages if he hadn't made a nickel in addition to that. He further testified that Fogel made unreasonable demands upon him; that he came out one morning and told him he had an engineer and an architect; that Timmons would have to use steel frames; that the whole 125 feet of forms would have to be laid at once. He (Timmons) at that time was using 1 x 4 wood forms; that to comply with Fogel's request would cost him more than the whole job would pay and he refused to buy them; at that time he had completed 175 feet with board forms which had been accepted as satisfactory; that Fogel did not give him a chance to complete the work; that the price of steel made its completion with steel prohibitive; that

he would have completed the job with wood forms if Fogel had permitted him to do so.

The record shows that Timmons bought 3,000 bricks which cost $117, paid $125 to his workman on the job, $26 for mesh wire, $10 for two yards of sand, and worked himself on the job 2½ weeks which at regular rate would amount to over $74; that the total of said sums is $342. The record also shows Timmons was paid, while he was on the job, $75 by Fogel.

In our opinion the record supports the jury's findings to issues 1 to 4 inclusive. This, notwithstanding the rule that where the contract contains a provision as here that the work should be done to the satisfaction of Fogel, such provision in our opinion being limited to reasonable demands by Fogel. Erikson v. Ward, 266 Ill. 259, 107 N.E. 593; 38 Words and Phrases, p. 259; Kavanaugh v. MacDonald, 259 Mass. 439, 156 N.E. 740; 14A Words and Phrases, p. 384. Points 1 and 2 are sustained.

Point 3 raises the question of the necessity of notice under Rule 301, Texas Rules of Civil Procedure, which after reciting that the judgment must conform to the pleading, provides that upon motion and reasonable notice the court may render judgment non obstante veredicto if a directed verdict would have been proper. The notice provided for has been held to be necessary to the entry of a judgment n. o. v. See note 10 under Rule 301, supra, and cases there cited. However, in view of our action on points 1 and 2, point 3 becomes immaterial and is, for that reason only, overruled.

For the error in points 1 and 2, the judgment of the trial court is reversed and judgment is here rendered (on the jury verdict) for Timmons and against Fogel, for the sum of $241.66 less $75.00, or a total sum of $166.66 plus interest and costs.

Reversed and rendered.