**SEARLE–TAYLOR MACHINERY COM-
PANY, Inc., et al., Appellants,**

v.

**EXECUTIVE CAR LEASING COMPANY
OF HOUSTON, Appellee.**

No. 583.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Feb. 23, 1972.

Walter Jefferson, Tom Gray, Cutrer & Jefferson, Houston, for appellants.

Anthony L. Vetrano, Jr., Houston, for appellee.

SAM D. JOHNSON, Justice.

This is a suit arising from breach of a written lease contract.

Plaintiff, Executive Car Leasing Company of Houston, leased a 1964 Buick automobile to defendant Searle-Taylor Machinery Company for a term of one year at a total monthly rental of $143.12. The lease contract was signed by the defendant's vice-president, Tom Taylor who also was made a defendant in this suit jointly and individually.

A copy of the lease contract was attached to and made a part of the plaintiff's original petition. Plaintiff's petition set forth the making of the lease contract, the breach of that contract and the damages suffered thereby. Plaintiff's petition then proceeds, however, to refer to the cause of action as one of a verified account in which liquidated damages and attorney's fees are sought.

The trial court, sitting without a jury, rendered judgment for plaintiff in the amount prayed for in its petition and computed due under the contract, $1,324.41. The court's judgment states that plaintiff's demand is proven " . . . and liquidated by an instrument in writing and that Plain-

tiff's demand and petition was based on a sworn account, . . . . " The judgment also recites that judgment for attorney's fees in the sum of $397.00 was granted plaintiff " . . . after presentation of evidence on attorney's fee and by virtue of Art. 2626, (sic) Vernon's Texas Statutes, as amended, for . . . " The total judgment was therefore computed to be the sum of these two figures, $1,721.41.

Findings of fact and conclusions of law were sought by defendant and made by the trial court. The findings fully support recovery under the contract. The lease contract provided for reasonable attorney's fees in the event of default and further provided that if lessee be a corporation, the person signing in the corporation's behalf should be jointly and severally liable for all rentals or other sums due under the lease). The trial court's findings recited that Tom Taylor, jointly and individually, signed and entered into the contract with the plaintiff, that defendants defaulted on the contract, that as a result of the default defendants owed the undisputed sum of $1,324.41 under the contract, that the contract provided for reasonable attorney's fees and that the plaintiff should recover the sum of $1,324.41 as per the contract and $397.00 attorney's fees. No statement of facts is brought forward on this appeal.

The defendant here asserts two points of error which are that plaintiff's demand was based on a sworn account and that Tom Taylor was determined to be jointly and individually liable. These points will be considered together. The difficulty arises because the circumstances here do not accord with those which are, or might be thought to be, generally encountered. See McDonald, Texas Civil Practice, Vol. 4, Nonjury Trial, Sec. 16.10.

■ Plaintiff's pleading might be construed as an action under a lease contract or an action upon a sworn or verified account. The contract itself, however, makes it quite clear that this is a circumstance involving the lease of an automobile and not an instance where title passed from one party to another. It could not therefore be a suit upon a sworn account, Meaders v. Biskamp, 159 Tex. 79, 316 S.W.2d 75 (1958); Mergele v. Houston, 436 S.W.2d 951 (Tex.Civ.App.—San Antonio 1968, writ ref'd n. r. e.), but necessarily must be a suit upon the contract. The accepted practice is to construe pleadings liberally and in favor of the pleader. In so doing we note that plaintiff not only set out the essentials of the contract, its breach and the damages thereby suffered, but also attached a copy of the contract to its petition. The breach of that contract constituted breach of all the provisions therein, which included provision for reasonable attorney's fees in the event of default and provision for joint and individual liability for one signing for a corporation.

■ The court's findings of fact and conclusion of law are explicit that the judgment was based upon the theory of breach of contract, both as to damages and attorney's fees. In addition where, as here, no statement of facts is brought forward this court will indulge the presumption that the issues upon which the findings of fact and conclusion of law were filed were, if outside the pleadings, tried by consent. Dorman v. Cook, 262 S.W.2d 744 (Tex.Civ.App.—Beaumont 1953, writ dism'd); Texas Rules of Civil Procedure, rule 67.

■ We therefore have a situation where the pleadings and the findings of the trial court support a recovery upon breach of a written contract. The trial court's judgment however, contains the misnomer of sworn account in the two instances which were heretofore quoted. Under the circumstances here presented we consider it the duty of this court under Tex.R.Civ. P. 434, to affirm the judgment if there is any theory upon which the pleadings and evidence will support the judgment. Frankfurt v. Wilson, 353 S.W. 2d 490 (Tex.Civ.App.—Dallas 1961, no writ). See also Gulf Land Co. v. Atlantic

Refining Co., 134 Tex. 59, 131 S.W.2d 73 (1939); Pope v. American National Insurance Co., 443 S.W.2d 377 (Tex.Civ.App.—Tyler 1969, writ ref'd n. r. e.); Messer v. County of Refugio, 435 S.W.2d 220 (Tex. Civ.App.—Corpus Christi 1968, writ ref'd n. r. e.). The plaintiff is entitled to recover under the theory of breach of contract.

Pursuant to Rule 435 Tex.R.Civ.P., the judgment of the trial court is reformed so as to delete therefrom the heretofore quoted references pertaining to sworn account. As reformed the judgment of the trial court is affirmed.