**AUSTIN PAVING COMPANY, Appellant,**

v.

**CIMARRON CONSTRUCTION, INC.,**
**et al., Appellees.**

**No. 12116.**

Court of Civil Appeals of Texas, Austin.

June 12, 1974.

Leonard L. Franklin, Austin, for appellant.

Barry K. Bishop, Clark, Thomas, Denius, Winters & Shapiro, Austin, for appellees.

O'QUINN, Justice.

Austin Paving Company, a partnership, brought this suit as sub-contractor to recover on a construction contract with Cimarron Construction, Inc., and made Lakeway Land Company, as the owner, a party defendant.

Under the contract, Austin Paving undertook to furnish labor and materials for the earthwork, base, and paving in construction of parking areas on property owned by Lakeway. At the end of the first month of work, Austin Paving submitted its first progress report to Cimarron Construction and requested payment of $7,850, less ten percent retainage, as provided under the written contract.

Cimarron Construction declined to make full payment under clause 9 of the contract which provided in part:

"Payments otherwise due may be withheld by Contractor on account of defective

work not remedied, claims filed, reasonable evidence indicating probability of filing of claims, failure of Subcontractor to make payments properly to its subcontractors or for material or labor, or a reasonable doubt that the subcontract can be completed for the balance then unpaid. If the said causes are not removed, on written notice, Contractor may rectify the same at Subcontractor's expense."

Austin Paving stopped work when Cimarron failed to make the progress payment and brought this suit for payment of its first estimate for labor and materials furnished, for its attorney's fees, and for foreclosure of its lien filed on Lakeway. Cimarron and Lakeway counterclaimed for deficiencies in the work done and for recovery of the difference between the agreed contract price of $12,055 and cost of completing the work.

Trial was before the court without a jury, and the court entered judgment, which incorporated findings of fact and conclusions of law, that Austin Paving take nothing by its suit and that Cimarron and Lakeway recover from Austin Paving the sum of $3,018.08.

Austin Paving has appealed and brings four points of error. We will overrule all points of error and will affirm the judgment of the trial court.

■ The record is before us without a statement of facts. The findings of fact and conclusions of law found in the judgment will be construed together, and if the findings of fact are susceptible of different constructions, they will be construed if possible to be in harmony with the judgment and to support it. Gulf Liquid Fertilizer Company v. Titus, 163 Tex. 260, 354 S.W.2d 378, 379, 385 (1962); Brown v. Frontier Theatres, Inc., 369 S.W.2d 299, 301 (Tex.Sup.1963).

■ In the absence of a statement of facts, every presumption must be indulged in favor of the trial court's findings and judgment. Commercial Credit Corporation

v. Smith, 143 Tex. 612, 187 S.W.2d 363, 365 (1945); First National Life Insurance Company v. Herring, 318 S.W.2d 119, 122 (Tex.Civ.App., Waco 1958, no writ); Dutchover v. Dutchover, 334 S.W.2d 569, 571 (Tex.Civ.App., El Paso 1960, no writ); Ehrhardt v. Ehrhardt, 368 S.W.2d 37, 38 (Tex.Civ.App., Waco 1963, writ ref.); Thrasher v. Hensarling, 406 S.W.2d 515, 516 (Tex.Civ.App., Waco 1966, no writ).

Appellant's position on appeal is that the trial court erred (1) in concluding that Austin Paving failed to perform substantially the work under contract, (2) in concluding that Cimarron was justified in withholding the amount withheld from the first progress report, (3) in concluding that Austin Paving breached the agreement by refusing to remedy defective work and proceed with completion of the work under contract, and (4) in sustaining the special exception of appellees that Austin Paving was not entitled to recover attorney's fees under the contract.

The parties are in agreement that Cimarron did not withhold the total amount of the requested progress payment, in the sum of $7,850 less ten percent retainage, but that in the month the request was received Cimarron paid Austin Paving $4,000 "pursuant to . . . request for money with which to pay creditors." The trial court so found, and the court further found that " . . . Cimarron was justified in withholding the amount withheld . . . by virtue of Clause 9 of the subcontract agreement and would have been justified in withholding all such payments." The trial court concluded that Austin Paving " . . . breached the agreement by refusing to remedy the defective work and finish the work under the contract."

■ The trial court manifestly regarded the deficiencies in Austin Paving's work to be such that Cimarron was not required under Clause 9 to make the progress payment, and that Austin Paving initially breached the contract, rather than Cimarron. Austin Paving relies on cases holding

that a subcontractor is excused from performance where a contractor wrongfully fails to make an installment payment. Fischer v. Richard Gill Company, 253 S. W.2d 915, 917 (Tex.Civ.App., San Antonio 1952, writ ref.); Kidd-Scruggs Company v. Tyler Hotel Company, 270 S.W. 566, 571 (Tex.Civ.App., Texarkana 1925, writ ref.). In those cases the breach was found to be that of the contractor, not the subcontractor, after which the subcontractor ceased work and repudiated the contract in its entirety. The cases are clearly distinguishable from the present suit in which the subcontractor was found to be in default under the contract and the contractor was found justified in withholding part of the progress payment.

The first point of error is overruled.

Austin Paving argues that Cimarron's withholding of part of the progress payment was arbitrary and capricious, amounting to breach of the contract, giving justification to Austin Paving in leaving the job. Austin Paving relies on Timmons v. Fogel, 278 S.W.2d 549 (Tex.Civ. App., Dallas 1955, no writ), in which it was found that the contractor had not abandoned the work but was prevented by the owner from completing the job according to the contract and therefore was entitled to reasonable value of the work performed less the amount paid by the owner while the contractor was on the job.

The principle involved in that case is not found in the case before us. There the owner acted unreasonably and prevented further work. Under Clause 9 Cimarron was found to be justified, and therefore did not act unreasonably, in withholding part of the progress payment because payments otherwise due, under the contract, could be withheld "on account of defective work not remedied." The trial court found that the work was defective and that Austin Paving did not remedy the defects. Austin Paving appears to argue that Cimarron acted arbitrarily for withholding an unreasonable sum, rather than holding an unreasonable sum, rather than

for withholding payment without having a reason to do so.

Since Cimarron withheld payment pursuant to terms of the agreement and therefore did not act arbitrarily, Cimarron did not breach the contract. We overrule the second point of error under which Austin Paving attacks the conclusion that Cimarron was justified in withholding the amount withheld from the progress report. Since the third point of error, challenging the conclusion that Austin Paving breached the agreement by refusing to remedy the defects and proceed with the job, is conditioned on the claimed breach by Cimarron, we must overrule the point in view of our ruling on point number two.

Under its fourth and last point, Austin Paving claims error because the trial court sustained a special exception to appellant's plea for attorney's fees under the contract. Unless provided by statute, or by contract between the parties, attorney's fees in general are not recoverable by a litigant against his adversary, either in a tort action or suit on a contract. Turner v. Turner, 385 S.W.2d 230, 233. (Tex.Sup.1964). The trial court found that the contract did not provide for attorney's fees. In sustaining the special exception to the plea for attorney's fees, the trial court perceptibly applied the principle stated by this Court in Ridout v. Mobile Housing, Inc., 497 S.W.2d 66 (Tex.Civ. App., Austin 1973, writ ref. n. r. e.), and cases there cited, which foreclosed the claim for attorney's fees under Article 2226, Vernon's Ann.Civ.St. Moreover, since the statute authorizes recovery of attorney's fees only by persons "having a *valid claim* against a person or corporation" for services or materials, it becomes unnecessary for this Court to consider Austin Paving's final point because a valid claim has not been established.

The judgment of the trial court is affirmed.

Affirmed.