**ARLINGTON BANK & TRUST,**
**Appellant,**

**v.**

**NOWELL MOTORS, INC., Appellee.**

**No. 17506.**

Court of Civil Appeals of Texas, Fort Worth.

June 14, 1974.

DeVore, Bagby, McGahey & Ross, and W. McFarland Bagby, Arlington, for appellant.

Cribbs, McFarland & Holman, and Dixon W. Holman, Arlington, for appellee.

**416**

## OPINION

LANGDON, Justice.

This is a suit by Nowell Motors, Inc., brought against appellant, Arlington Bank & Trust, for funds paid to Arlington Bank & Trust under an alleged mistake of fact by Nowell Motors, Inc. Nowell Motors, Inc., assigned and endorsed a contract of sale to Arlington Bank & Trust and when the purchaser of the vehicle failed to pay in accordance with the provisions of the note, Arlington Bank & Trust sought payment by Nowell Motors, Inc., and Nowell Motors, Inc., responded by making all payments in full and filing suit for recovery of the funds so paid three months after final payment under a theory that the payments were made to Arlington Bank & Trust under a mistake of fact.

Nowell Motors, Inc., claims that the action of Arlington Bank & Trust constituted an impairment of the capital under Texas Business and Commerce Code, Section 3.606, V.T.C.A.

The trial judge sitting without the aid of a jury heard the facts in this case and on November 8, 1973, entered thirty-two findings of fact and twelve conclusions of law setting forth that plaintiff, Nowell Motors, Inc., was entitled to recover $3,291.00 based on its unilateral mistakes as to the material facts in this matter.

This appeal is based upon a single point of error by which the appellant contends that its acts did not constitute unjustified impairment of the capital, warranting recovery by appellee of monies paid to appellant. Under this point the appellant asserts that: (A) finding of fact No. 29 is not a finding of fact but is a mixed question of fact and law, and (B) that conclusion of law No. 7 finding that the defendant's failure to discharge its duty was an unjustified impairment of the collateral and resulted in the discharge of plaintiff's endorsement by virtue of Section 3.606,

Texas Business and Commerce Code, is unsupported by the findings of fact.

We affirm.

No statement of facts is contained in the record. The findings of fact made by the trial court in this, a non-jury case, are therefore conclusive on this Court. We must presume that the evidence was sufficient and that every fact necessary to support the findings and judgment within the limits of the pleadings was proved at the trial. Helfer v. Texas Employers' Insurance Association, 467 S.W.2d 687 (San Antonio, Tex.Civ.App., 1971, no writ hist.); Vanity Fair Properties v. Billingsley, 469 S.W.2d 453 (San Antonio, Tex. Civ.App., 1971, ref., n. r. e.).

Since the appellant requested the trial court to file findings of fact, and did not request additional findings, the findings filed by the trial court are binding on the parties and on this Court. Pope v. American National Insurance Co., 443 S. W.2d 377 (Tyler, Tex.Civ.App., 1969, ref., n. r. e.).

Appellant, under the facts of this case, is powerless to make a viable complaint that the evidence is legally insufficient to support vital findings to support the judgment because it cannot discharge its burden of proof in the absence of a statement of facts. Jackson v. Hendrix, 494 S.W.2d 652 (Fort Worth, Tex.Civ. App., 1973, no writ hist.); Englander Co. v. Kennedy, 428 S.W.2d 806 (Tex.Sup., 1968).

The appellant concedes, "For the sake of argument," that it had a contractual duty to replace the insurance and that it failed to do so. The trial court found that the appellant did have that duty, but failed to perform it.

The trial court found that the insurance policy itself was collateral for the note and that the appellant had posses-

sion of the policy at all times pertinent to the cause and that its failure to replace the insurance after its cancellation impaired the collateral and that the impairment damaged the appellee in the sum of $3,291.-00.

The appellant relies upon cases in which there was no contractual duty requiring the mortgagee to keep the collateral intact.

In the case at bar there was an agreement, a contractual duty imposed on appellant, to keep the collateral, i.e., the policy of insurance, in existence, by replacement if necessary.

The appellant violated its contractual duty-to-preserve, and it let the collateral vanish and then concealed the event from the appellee.

The trial court found that the appellant knew the policy had been cancelled but did not communicate that knowledge to the appellee. It further found that the appellant had available to it, at all times pertinent to this cause, insurance known as single interest coverage, to protect a lienholder such as the appellant against loss from destruction of its collateral but that the appellant represented to the appellee that no such coverage was available. By such impairment, the appellee was deprived of any opportunity of its own to replace the collateral and to protect itself.

■ The Texas Business and Commerce Code, § 3.606(a)(2) compelled the trial court to discharge the appellee's endorsement when it found the appellant had impaired the collateral, and that such impairment had damaged appellee in the sum of $3,291.00.

No Texas cases have been cited in which an insurance policy itself was the impaired collateral. The State of Tennessee enacted a statute (Section 47–3–606(1)(b), Tennessee Code Annotated) identical in wording to the § 3.606(a)(2) of the Texas Business and Commerce Code. In Tennessee Farmers Mutual Insurance Co. v. Scott, a case involving the Tennessee Stat-

ute, reported in 8 U.C.C. Reporting Service 399, the court recognized the endorser's discharge where the insurance policy, collateral, was impaired.

The Scott case involved facts very similar to the facts in the case at bar in which the endorsement of an automobile dealer was discharged. The holding in Scott supports the appellee's position.

We further find and hold that the appellee is entitled to judgment because the court found that it paid $3,291.00 to the appellant under a unilateral mistake as to material facts. We further find and hold that the trial court correctly applied principles of estoppel to appellant's conduct.

■ The judgment of the trial court is to be sustained if it is correct on any theory of law applicable to the record. Trinity River Auth. v. Texas Water Rights Com'n, 481 S.W.2d 192 (Austin, Tex.Civ.App., 1972, ref., n. r. e.); Searle-Taylor Mach. Co. v. Executive Car Leasing Co., 477 S. W.2d 696 (Houston, Tex.Civ.App., 14th Dist., 1972, no writ hist.).

All points of error are overruled and the judgment of the trial court is affirmed.