**Ray C. IVES, Appellant,**

**v.**

**Douglas H. WATSON, Appellee.**

**No. 7683.**

Court of Civil Appeals of Texas, Beaumont.

March 27, 1975.

Rehearing Denied April 17, 1975.

Geary, Brice, Barron & Stahl, Gerald P. Urbach, Dallas, for appellant.

Sessions & Sessions, Dallas, for appellee.

KEITH, Justice.

Defendant appeals from a judgment wherein plaintiff recovered judgment for the market value of 5900 shares of stock in a corporation known as Universal Mobile Services, Inc. Following the non-jury trial, the trial court filed extensive findings of fact and conclusions of law; but, on this appeal, we are without a statement of facts.[1]

In presenting the nature of the case and the contentions of the parties, we are compelled to rely exclusively upon the pleadings and the findings of fact made by the trial court. In so doing, we will bear in mind several rules enunciated recently in Austin Paving Co. v. Cimarron Construction, Inc., 511 S.W.2d 417, 419 (Tex. Civ.App.—Austin 1974, no writ): (a) If the findings of fact are susceptible of different constructions, they will be construed to be in harmony with the judgment and to support it; (b) every presumption will be indulged in favor of the trial court's findings and judgment.[2] Moreover, as said in Arlington Bank & Trust v. Nowell Motors, Inc., 511 S.W.2d 415, 416 (Tex.Civ.App.—Fort Worth 1974, no writ), since the defendant requested the trial court to file such findings, and did not request any additional findings, the findings of the trial court are binding on the parties and this court. Additionally, defendant is powerless to make a viable complaint as to the legal sufficiency of the evidence to support the judgment in the absence of a statement of facts. Id.

However, even without a statement of facts, it is our duty to review the correctness of the legal conclusions drawn from the facts actually found by the trial

court. Dutchover v. Dutchover, 334 S.W. 2d 569, 571 (Tex.Civ.App.—El Paso 1960, no writ); 4 McDonald, Texas Civil Practice § 16.10 at 30 (Rev.Vol.1971).

According to the findings of fact, in July 1971, the parties entered into an oral agreement whereby plaintiff would execute a note to a bank in the amount of $25,000, which was additionally secured by 40,000 shares of stock in Mobile Enterprises, Inc., then owned by defendant. Defendant agreed to repay such loan "to the best of his ability on the security of assets of both parties pledged to the Bank and would give to Plaintiff ten percent of his position in Mobile Enterprises, Inc." Plaintiff put up no security with the bank.

Defendant received the face amount of the note, plus an additional $5,000 when the note was renewed at the bank. The oral agreement was entered into in contemplation of Mobile Enterprises "qualifying its shares to go public for public sale." Mobile did not issue its public offering but merged with Universal Mobile Services, Inc., in April of 1972, and defendant received 80,000 shares of stock in Universal for his 40,000 shares in Mobile. In April of 1972, Universal went public and defendant paid off the bank note. In July 1972, plaintiff demanded his ten percent of defendant's net holdings in Universal and threatened suit if such shares were not delivered. On August 29, 1972, defendant delivered one 1500-shares certificate (registered in his name) to plaintiff which has been "in the possession and control of and used by Plaintiff on and after" such date.

The Court found the fair cash market value of the stock of Universal to be $22 per share in July of 1972 when defendant "breached an agreement with the Plaintiff

---

1. One of defendant's points of error challenges the ruling of the Dallas Court of Civil Appeals [entered before the case was transferred to this Court] denying his motion for leave to file the statement of facts after the expiration of the time provided by Texas Rules of Civil Procedure, 386. We overrule such point and adopt as our own the memorandum opinion of the Dallas Court. Thus,

defendant may challenge the order denying leave for the late filing of the statement of facts in the usual manner.

2. See also, Cruz v. First Credit Corporation, 380 S.W.2d 749, 750–751 (Tex.Civ.App.—San Antonio 1964, no writ), where additional authorities are collated.

to deliver him ten percent of Defendant's stock position" in Universal. The Court also found that defendant should have delivered to plaintiff 7400 shares of Universal in July 1972; but, having delivered only 1500 shares, he owed plaintiff the market value of the 590 shares undelivered.

The Court concluded that the oral agreement was "to assist the Defendant", and plaintiff's execution of the note was a "part of such assistance." The critical conclusion of law is this:

"The agreement between the Parties Plaintiff and Defendant was a joint venture agreement whereby the Parties pooled assets to secure the loan at the . . . Bank and participated together in the making of the loan and the delivery of the moneys of the loan to Defendant."

The further conclusions were to the effect that the parties "had an interest . . . [90/10] . . . in the stock position of Defendant" in Universal at the time "Defendant breached the joint venture agreement."

■ Defendant challenges the judgment with several multifarious points of error. For instance, point one complains that it was error to enter judgment based upon a conclusion that there was a joint venture because (a) there were no findings supporting the conclusion of law; and (b) plaintiff had no pleadings which would support either the findings of fact or conclusions of law. Point two is subject to the same infirmity. Although we are committed to a liberal interpretation of the rules relating to the composition of briefs, we decline to consider these points of error. See Barber v. Corpus Christi Bank & Trust, 506 S.W.2d 254, 257–258 (Tex.Civ. App.—Corpus Christi 1974, no writ), where the authorities are collected and analyzed.

■ However, the basic thrust of points one and two are contained in point four which is not subject to the objection of being multifarious. It is quoted in the margin.[3]

We have reviewed carefully plaintiff's pleadings and find no mention of "joint venture" therein. We do not consider this to be a fatal defect since "[p]leadings simply outline the issues." Hidalgo v. Surety Savings and Loan Association, 462 S.W.2d 540, 543 (Tex.1971). Moreover, the question of joint venture may have been tried by consent. Ames v. Putz, 495 S.W.2d 581, 582 (Tex.Civ.App.—Eastland 1973, writ ref'd); 2 McDonald, Texas Civil Practice § 5.18, at 55, et seq. (1970 Rev. Vol.). In the absence of a statement of facts, we are unable to determine that such theory was not tried by consent, express or implied. Point four is overruled.

■ Point three is composed of four lettered subdivisions and we first direct our attention to subdivision "B" thereof reading: "That when appellant delivered to appellee fifteen hundred shares of stock which were accepted by appellant, that there was an accord and satisfaction as a matter of law." We disagree.

In the recent case of Jenkins v. Henry C. Beck Company, 449 S.W.2d 454, 455 (Tex.1969), the Court restated the rules governing the defense of accord and satisfaction. For the defense to be made, the party relying thereon must establish the existence of six conditions. Under our abbreviated record, we are unable to conclude that defendant established such defense as a matter of fact or of law. See also, Texas Gulf Sulphur Company v. Gladys City Company, 506 S.W.2d 281, 285 (Tex.Civ. App.—Beaumont 1974, writ ref'd n. r. e.). Subdivision "B" of point three is overruled.

3. "The trial court erred in awarding judgment to appellee based upon the findings of fact and conclusions of law made by the court in that such findings of fact and conclusions of law are not supported by the pleadings of appellee upon which the case went to trial."

In attacking the findings of fact supporting the conclusion that the parties had entered into a joint venture, defendant cites Tex.R.Civ.P. 299, and contends that a judgment may not be supported upon appeal by a presumption of finding upon any ground of recovery "no element of which has been found by the trial court." We readily accept that statement as a general proposition. But, the courts have held differently where there are *omitted* findings. We must presume that the evidence supports not only the express findings made by the district court but also any *omitted findings* which are necessary to support the judgment. Wisdom v. Smith, 146 Tex. 420, 209 S.W.2d 164, 166 (1948); Allied Building Credits, Inc. v. Grogan Bldrs. Sup. Co., 365 S.W.2d 692, 695 (Tex.Civ. App.—Houston 1963, writ ref'd n. r. e.); Burkhart v. Christian, 315 S.W.2d 668, 671 (Tex.Civ.App.—Waco 1958, writ ref'd n. r. e.).

In passing upon defendant's attack upon the factual basis of the conclusion that the agreement between the parties was a joint venture, we turn to the leading case on the subject. Brown v. Cole, 155 Tex. 624, 291 S.W.2d 704, 709, 59 A.L.R.2d 1011 (1956), where the Court spoke of some of the factors to be considered in determining whether a joint venture existed, saying:

"To constitute a joint adventure there must be a community of interest and participation in the profits. It is in the nature of a partnership engaged in the *joint prosecution* of a particular transaction for mutual profit. Holcombe v. Lorino, 124 Tex. 446, 79 S.W.2d 307.

"For a joint adventure to exist there must be a community of interest both as to the profits and losses, if any." (emphasis supplied)

See also, W. H. Hodges & Co. v. Donley County State Bank, 407 S.W.2d 221, 224 (Tex.1966); Lane v. Phillips, 509 S.W.2d 894, 898 (Tex.Civ.App.—Beaumont 1974, writ ref'd n. r. e.).

In essence, the trial court found that defendant's entire block of 40,000 shares of Mobile were hypothecated to Exchange Bank and he was unable to "go public" since he lacked control of the stock; that plaintiff agreed to free such shares by executing a new note at another bank; that this constituted a joint prosecution of a particular transaction for the mutual profit with plaintiff to receive ten percent of the stock for his participation. Thus, there was a community of interest between the parties.

If there were other or additional fact findings required to support the conclusion that it was a joint venture, those are presumed to be in favor of the judgment. Wisdom v. Smith, supra. All of defendant's points attacking the findings of fact and conclusions of law relating to joint venture having been considered, same are overruled.

Defendant has a series of points, and subdivisions of others, which urge the basic contention that the oral agreement was simply a loan agreement and that it was usurious as a matter of fact and of law. Again, the defendant is without a valid base from which to launch this attack. Having no statement of facts, we are precluded from reviewing the evidence; and, since defendant accepted the findings of fact which contained no findings on the question of usury, we must presume that there was no evidence supporting the claim. Not having attacked the failure to find on the usury question, defendant has waived his right to complain. See and compare Dorbandt v. Jones, 492 S.W.2d 601, 605 (Tex.Civ.App. —Austin 1973, writ ref'd n. r. e.). See also, Arlington Bank & Trust Case, supra (511 S.W.2d at 416).

Having examined all of the points of error brought forward and finding no merit therein, the judgment of the trial court is

Affirmed.