W. J. SWACKER, Appellant,

v.

JET CONSTRUCTION AND REALTY COMPANY, INC., et al., Appellees.

No. 4877.

Court of Civil Appeals of Texas, Eastland.

March 11, 1976.

Rehearing Denied April 1, 1976.

Tom Thomas, Kolodey & Thomas, Dallas, for appellant.

Rick J. W. Graham, Geary, Stahl, Koons, Rohde & Spencer, Dallas, for appellees.

WALTER, Justice.

W. J. Swacker entered into a purchase agreement with Jet Construction and Realty Company to purchase a condominium unit for $60,000.00 and made a deposit of $1,500.00 as part of the purchase price. Jet breached the contract and sold the property to another party for $65,000.00.

Swacker recovered a judgment in a non-jury trial for $1,500.00. Swacker has appealed.

Rule 307, T.R.C.P. provides in non-jury cases where findings of fact and conclusions of law are requested and filed any party claiming that the findings of the court do not support the judgment may have noted in the record an exception to said judgment and take an appeal without a statement of facts.

No statement of facts has been filed. Appellant did not except to the judgment or request additional findings.

In *Cowling v. Colligan*, 158 Tex. 458, 312 S.W.2d 943 (1958), the court said:

"Rule 307, T.R.C.P. does not provide for the filing of exceptions to findings of fact and conclusions of law. It provides that a party claiming that the findings made do not support the judgment may except to the *judgment* and thereby preserve his right to so contend on appeal . . ."

" . . . In the absence of a statement of facts we must presume that the other evidence heard supports the finding or conclusion."

In *Ives v. Watson*, 521 S.W.2d 930 (Tex. Civ.App.—Beaumont 1975, writ ref. n.r.e.), the court said:

" . . . We must presume that the evidence supports not only the express findings made by the district court but also any *omitted findings* which are necessary to support the judgment. *Wisdom v. Smith*, 146 Tex. 420, 209 S.W.2d 164, 166 (1948); *Allied Building Credits, Inc. v. Grogan Bldrs. Sup. Co.*, 365 S.W.2d 692, 695 (Tex.Civ.App.—Houston 1963, writ ref'd n.r.e.); *Burkhart v. Christian*, 315 S.W.2d 668, 671 (Tex.Civ.App.—Waco 1958, writ ref'd n.r.e.)."

\*    \*    \*    \*    \*    \*

" . . . Having no statement of facts, we are precluded from reviewing the evidence; and, since defendant accepted the findings of fact which contained no findings on the question of usury, we must presume that there was no evidence supporting the claim. Not having attacked the failure to find on the usury question, defendant has waived his right to complain. See and compare *Dorbandt v. Jones*, 492 S.W.2d 601, 605 (Tex.Civ.App. —Austin 1973, writ ref'd n.r.e.). See also, *Arlington Bank & Trust Case*, supra [*Arlington Bank & Trust v. Nowell Motors Inc.*, Tex.Civ.App., 511 S.W.2d 415] (511 S.W.2d at 416)."

In *Englander Co. v. Kennedy*, 428 S.W.2d 806 (Tex.1968), the court said:

"The burden is upon a party appealing from a trial court judgment to show that the judgment is erroneous in order to obtain a reversal. When the complaint is that the evidence is factually or legally insufficient to support vital findings of

fact, or that the evidence conclusively refutes vital findings, this burden cannot be discharged in the absence of a complete or an agreed statement of facts."

Swacker contends he is entitled to additional damages including those for the loss of his bargain. In *Petroleum Financial Corporation v. Cockburn*, 241 F.2d 312 (Fifth Circuit 1957), the court said:

" . . . And if, as Benton claims, the law were to read into the telegraphic exchange an obligation to have title on January 3, this would result from rigid application of the rule concerning parol evidence and would not turn Cockburn's actual lack of an existing title into the wilful, purposeful bad faith conduct required by Texas law to subject the defaulting vendor to damages for the purchaser's loss of his bargain (i. e., profits he would have made). 43–A Tex.Jur., Vendor and Purchaser § 685; *Garcia v. Yzaguirre*, Tex.Com.App.1919, 213 S.W. 236; see *Nelson v. Jenkins*, Tex.Civ.App. 1948, 214 S.W.2d 140, error refused; *Roberts & Corley v. McFadden, Weiss & Kyle*, 1903, 32 Tex.Civ.App. 47, 74 S.W. 105."

Without a statement of facts we are unable to determine what issues were tried by express or implied consent. Furthermore, there is nothing in the record to show wilful, purposeful bad faith conduct required to subject Jet to damages for Swacker's loss of his bargain.

Appellant's point of error is overruled.

The judgment is affirmed.