**B. MIAL, Appellant,**

v.

**R. MIAL, Appellee.**

**No. 6497.**

Court of Civil Appeals of Texas, El Paso.

Nov. 10, 1976.

William Pate, El Paso, for appellant.

Sam Blackham, El Paso, for appellee.

## OPINION

OSBORN, Justice.

This appeal is from a divorce decree which divided the community property, named Appellant, Mrs. Mial, managing conservator of the parties' two sons, named Appellee, Mr. Mial, possessory conservator with visitation rights, and fixed an obligation for monthly child support until each child is eighteen years old. We affirm.

The attorney representing the Appellant on the appeal only has filed an excellent brief presenting two points of error. First, it is contended that the trial Court erred in awarding Appellant only 20% of the vested military retirement benefits of the Appel-

lee, and in delaying the payment of such benefits until the Appellee retires from the Army. It is next contended that the trial Court erred in limiting the amount of the monthly child support payments to $200.00 per child for the two minor hemophiliac sons and in limiting such payments until each child becomes eighteen years old.

■ The case was tried to the Court without a jury. The testimony was not taken by a court reporter and we have no statement of facts. The trial Court complied with a request for findings of fact and conclusions of law, and they were timely filed after the judgment was entered. In considering the two points of error under the record before us, the rule is that "[w]hen specific findings of fact and conclusions of law are filed, and no statement of facts is brought forward, the findings of fact are binding on the parties and are accepted as justified by the evidence. * * The correctness of the legal conclusions from the facts found will be reviewed." 4 McDonald, Texas Civil Practice, Sec. 16.10 at 29–30 (Rev.Vol.1971).

Justice Keith, in *Ives v. Watson*, 521 S.W.2d 930 (Tex.Civ.App., Beaumont 1975, writ ref'd n. r. e.), set forth the basic rules applicable to an appeal where no statement of facts is filed, but where the trial Court filed findings of fact and conclusions of law following a nonjury trial. He said:

"In presenting the nature of the case and the contentions of the parties, we are compelled to rely exclusively upon the pleadings and the findings of fact made by the trial court. In so doing, we will bear in mind several rules enunciated recently in *Austin Paving Co. v. Cimarron Construction, Inc.*, 511 S.W.2d 417, 419 (Tex.Civ.App., Austin 1974, no writ): (a) If the findings of fact are susceptible of different constructions, they will be construed to be in harmony with the judgment and to support it; (b) every presumption will be indulged in favor of the trial court's findings and judgment. Moreover, as said in *Arlington Bank & Trust v. Nowell Motors, Inc.*, 511 S.W.2d 415, 416 (Tex.Civ.App., Fort Worth 1974,

no writ), since the defendant requested the trial court to file such findings, and did not request any additional findings, the findings of the trial court are binding on the parties and this court. Additionally, defendant is powerless to make a viable complaint as to the legal sufficiency of the evidence to support the judgment in the absence of a statement of facts. Id.

"However, even without a statement of facts, it is our duty to review the correctness of the legal conclusions drawn from the facts actually found by the trial court. *Dutchover v. Dutchover*, 334 S.W.2d 569, 571 (Tex.Civ.App., El Paso 1960, no writ); 4 McDonald, Texas Civil Practice Sec. 16.10 at 30 (Rev.Vol.1971)."

■ Having reviewed the facts as found by the trial Court, we cannot say that the legal conclusions drawn therefrom are erroneous. There is no finding as to how many of the sixteen years the parties have been married they lived in a community property state. Just because the parties were married sixteen of the twenty-one years Appellee has been in the service would not automatically entitle Appellant to a $^{16}\!/_{21}$st interest in her husband's retirement benefits. The Court found that the parties "own various items of community property, both real and personal and are indebted in varying amounts." Thus, we note that the retirement pay was only one of several items to be considered in dividing the community property. The Court is not required to divide each asset equally. It is not even required to divide each asset. The Court is only required to make a division of all the community property in a manner that is just and right, having due regard for the rights of each party and the children of the marriage. Tex.Family Code Ann. Sec. 3.63.

■ In addition to the provision requiring Appellee to pay child support of $200.00 per month per child, approximately $2,750.00 was placed in trust for the benefit of the two boys. The Court, having made no finding that the boys required continuous care and personal supervision because of physical disability and will not be able to support themselves, was not permitted to order support beyond their eighteenth birthdays. Tex.Family Code Ann. Sec. 14.-05.

No statement of facts having been filed, we cannot say that the trial Court abused its discretion or that its judgment is erroneous. *Dobbs v. Dobbs*, 449 S.W.2d 119 (Tex. Civ.App., Tyler 1969, no writ). Points of error one and two are overruled. The judgment of the trial Court is affirmed.