Mrs. Manuela GOMEZ, Appellant,

v.

Gilberto GOMEZ et al., Appellees.

No. 1366.

Court of Civil Appeals of Texas, Corpus Christi.

Jan. 25, 1979.

William L. Morrow, Brownsville, for appellant.

Ernesto Flores, Jr., Paul Shinkawa, Melchor Chavez, Chavez & Barnard, Harlingen, for appellees.

## OPINION

NYE, Chief Justice.

This is a suit to recover the balance due on a promissory note brought by Manuela Gomez against her former husband, Gilberto Gomez, and his mother, Maria Gomez, the maker of the note and guarantor of the note respectively. The trial judge entered a take nothing judgment. The plaintiff perfected her appeal to this Court from the trial court's adverse judgment. The trial judge subsequently filed separate findings of fact and conclusions of law which were contrary to and did not support the judgment. The primary issue before us, then, concerns the effect that these findings of fact should have on the previously entered judgment.

Gilberto Gomez, while married to but separated from the plaintiff, executed a promissory note in the principal sum of $3,111.35, payable to plaintiff in sixteen monthly installments commencing on August 1, 1976. After the final payment became past due, plaintiff brought suit, alleging that $2,700.00 of the principal amount remained

due and unpaid. Defendants answered and alleged that the note had been executed without consideration.

This case was tried to the court without the intervention of a jury. Neither plaintiff nor defendants requested the services of a court reporter. At the close of the one day trial, the trial judge apparently requested the parties to submit briefs without making an oral pronouncement of his decision. Thereafter, the defendants prepared a proposed take nothing judgment which the trial judge signed and entered on February 22, 1978. The judgment had not been approved as to form by plaintiff.

The judgment stated, in relevant part, as follows:

> "In the absence of application for trial by jury, the Court after presentation of testimony, evidence and argument of counsel, found that there was no consideration for the Note, subject matter of this suit. Based on such findings, the court is of the opinion that the judgment should be rendered in favor of defendants.
> IT IS THEREFORE ADJUDGED;
> . . . (plaintiff take nothing) . ."

The trial court's judgment contains no other recitations of fact. The appellate record contains "Proposed Findings of Fact and Conclusions of Law" filed by the defendants. Although these findings and conclusions support the judgment, the trial judge did not sign them.

The record indicates a copy of the trial court's judgment was sent to the defendants and to the plaintiff on the day before it was signed and entered. Forty days after the judgment was signed and entered, the trial court filed numerous findings of fact which are in direct conflict with the judgment. In summary, they are that: 1) defendant's employer accused defendant of taking, and demanded the return of, the sum of $3,111.35 which was missing from certain funds which were under the defendant's control in the course of his employment; 2) the plaintiff agreed she would pay the missing money to defendant's employer on behalf of defendant; 3) the employer then agreed not to press criminal charges against the defendant; 4) defendant agreed to reimburse plaintiff for such money paid to the employer; 5) defendant's mother agreed to guarantee such payment to plaintiff; 6) these agreements were evidenced by the March 26, 1976, promissory note executed by the defendants and a letter agreement acknowledging the debt executed by defendant; 7) plaintiff subsequently paid the total sum due to defendant's employer; and 8) defendant paid plaintiff a total of $411.35 of the principal amount of the note, leaving an overdue balance of $2,700.00 which had not been paid by either defendant. The trial judge also entered the following specific findings:

> "12. The consideration of the Defendant Gilberto Gomez to pay $3,111.35 to Plaintiff Manuela Gomez was the agreement of Plaintiff Manuela Gomez to pay on his behalf the debt claimed by Valley Transit Company.
>
> \* \* \* \* \* \*
>
> 25. The judgment that was heretofore signed by the Court on February 22, 1978, was presented to the Court as though it were a default judgment and was signed by mistake."

Plaintiff's sole point of error on appeal is: The trial court mistakenly signed a judgment in favor of defendants when its findings of fact and conclusions of law were that judgment should be rendered in favor of plaintiff. Plaintiff's argument in support of this point is, in essence, that the trial court's separately filed findings and conclusions are controlling and, therefore, the trial court's judgment should be reversed and rendered to conform with them. All parties agree that the findings of fact and conclusions of law are in irreconcilable conflict with the trial court's judgment.

Defendants, however, contend that the judgment of the trial court should be affirmed because plaintiff waived her point of error by failing to file a motion for new trial. Defendant specifically argues that a motion for new trial was necessary in this case to apprise the trial judge of plain-

tiff's complaint which had not otherwise been ruled upon. Defendants' contention is without merit.

Rule 324 states that "it shall be necessary to file a motion for new trial in order to present a complaint which has not otherwise been ruled on." It is no longer necessary, in most instances, however, to file a motion for new trial as a prerequisite to the right to present a particular complaint on appeal. The basis for plaintiff's specific complaint did not become apparent until the trial court filed its findings of fact and conclusions of law ten days after the trial court's judgment became final. See Rule 329b(5). It would have been useless for plaintiff to file a motion for new trial at that time to complain that the trial court's findings of fact did not support the trial court's judgment because the trial court had no jurisdiction to grant such a motion or to correct, modify or otherwise change its judgment. See *Plains Growers, Inc. v. Jordan*, 519 S.W.2d 633 (Tex.1974); *Carrillo v. State*, 480 S.W.2d 612 (Tex.1972).

█ Rule 307 provides that:

". . . any party claiming that the findings of the court . . . do not support the judgment, may have noted in the record an exception to said judgment and thereupon take an appeal . . . without a statement of facts or further exceptions in the transcript, but the transcript . . . shall contain the conclusions of law and fact . . . and the judgment rendered thereon."

Plaintiff excepted to the judgment when she timely perfected her appeal by filing an appeal bond pursuant to Rules 354 and 356. Although a notice of appeal is no longer required, the record also contains plaintiff's notice of appeal. We conclude that plaintiff has sufficiently perfected her sole point of error that the trial court's judgment is not supported by its findings of fact. See *Swanson v. Swanson*, 148 Tex. 600, 228 S.W.2d 156 (1950); *Loy v. Kuykendall*, 347 S.W.2d 726 (Tex.Civ.App.—San Antonio 1961, writ ref'd n. r. e.); Rules 307, 354 and 356, Texas Rules of Civil Procedure.

█ Defendants also contend that we are not authorized to consider the trial court's separately filed, conflicting findings of fact because they were not timely filed. Rule 297 requires the trial judge to file findings of fact and conclusions of law, when they are requested, thirty days before the time for filing the transcript. Here, the trial court's findings and conclusions were filed forty days after the final judgment was entered, or twenty days prior to the time the transcript was due. See Rule 386. As a general rule, the failure of a trial court to file its findings of fact in accordance with the rule is harmless error if the record reaches the appellate court in time and it shows that the complaining party has suffered no injury because of its late filing. See *Fonesca v. County of Hidalgo*, 527 S.W.2d 474, 480 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.); *Law v. Law*, 517 S.W.2d 379 (Tex.Civ.App.—Austin 1974, writ dism'd); *Schwartz v. Jacob*, 394 S.W.2d 15 (Tex.Civ.App.—Houston [1st Dist.] 1965, writ ref'd n. r. e.); *Joe R. Starks Construction Co., Inc. v. G. A. Mallick, Inc.*, 425 S.W.2d 409 (Tex.Civ.App.—Fort Worth 1968, no writ); 4 McDonald, Texas Civil Practice, § 16.08.03(c) (1971).

Defendants specifically argue that they were injured by the trial court's late filing because they were effectively precluded from seeking additional or amended findings. The record does not indicate that defendants objected to the trial court's late findings or that they requested the trial court to find additional, substituted or amended findings. Rule 298 provides that after the judge files his original findings and conclusions, either party may, within five days, request specified, further, additional or amended findings, and thereafter, the trial judge has five days to comply. Here, had the defendants availed themselves of this procedure, there would have been ten days remaining before the transcript was due to be filed in this Court. Although late, such findings and conclusions could have been filed in time for appellate review. We conclude that the findings of fact and conclusions of law filed by the trial judge are properly before us for our reconsideration.

 In the absence of a statement of facts, as is the case here, the appeal must be decided upon the transcript which includes the pleadings, stipulations, findings of fact and judgment of the trial court. It is our duty generally to affirm the judgment of the trial court unless the pleadings, stipulations and findings of the trial court do not support the judgment. *Phillips v. American General Ins. Co.*, 376 S.W.2d 808, 810 (Tex.Civ.App.—Amarillo 1964, no writ); *Dorman v. Cook*, 262 S.W.2d 744 (Tex.Civ. App.—Beaumont 1953, writ dism'd); See *Mial v. Mial*, 543 S.W.2d 736, 737 (Tex.Civ. App.—El Paso 1976, no writ); *Ives v. Watson*, 521 S.W.2d 930 (Tex.Civ.App.—Beaumont 1975, writ ref'd n. r. e.); *Law v. Law*, 517 S.W.2d 379, 383 (Tex.Civ.App.—Austin 1974, writ dism'd); 4 McDonald, Texas Civil Practice, § 16.10 (1971). If the findings of fact are susceptible to different construction, they should be construed to be in harmony with the judgment. *Mial v. Mial*, 543 S.W.2d 736, 737 (Tex.Civ.App.—El Paso 1976, no writ); *Ives v. Watson*, 521 S.W.2d 930 (Tex.Civ.App.—Beaumont 1975, writ ref'd n. r. e.).

 In this instance, the later filed findings of fact and conclusions of law do not support the trial court's judgment. The judgment of the trial court cannot, therefore, be affirmed based on the record before us. Assuming that other matters set out in the Rules such as 434 are satisfied, it is ordinarily the duty of the appellate court to render such judgment which the trial court should have entered. *Scott v. Liebman*, 404 S.W.2d 288 (Tex.1966); *Le Master v. Fort Worth Transit Co.*, 138 Tex. 512, 160 S.W.2d 224 (Tex.1942). This Court after finding error in the judgment of the trial court, has broad discretion, in a proper case, to reverse and remand in the interest of justice. *Continental Southern Lines, Inc. v. Hilland*, 528 S.W.2d 828 (Tex.1975); *Scott v. Liebman*, 404 S.W.2d 288 (Tex.1966); *Dahlberg v. Holden*, 150 Tex. 179, 238 S.W.2d 699 (1951); Rules 434, 505, Texas Rules of Civil Procedure. This is that type of case.

 We find that this case has been fraught with numerous procedural irregu-larities and other errors which are apparent in the record. Justice would be better served by remanding the cause for an entirely new trial. The judgment of the trial court is accordingly reversed and the cause is remanded for a new trial.

REVERSED AND CAUSE REMANDED.