NO. 07-07-0075-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 28, 2009

______________________________


DELMER URBANCZYK, APPELLANT

v.

MARVIN URBANCZYK, JANET URBANCZYK, APPELLEES

_________________________________

FROM THE 100TH DISTRICT COURT OF CARSON COUNTY;

NO. 9853; HON. DAVID M. MCCOY, PRESIDING

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
OPINION
          In this will contest case, Delmer Urbanczyk contends his mother, Isabel Urbanczyk,
lacked testamentary capacity in April 2003 when she executed a will or the will was the
result of the undue influence, duress, or fraud of his brother Marvin Urbanczyk and
Marvin’s wife Janet Urbanczyk.


 Delmer also sued Marvin and Janet for tortious
interference with inheritance rights and alleged Marvin and Janet breached fiduciary duties
owed Isabel. Finally, Delmer sought admission to probate of a will made by Isabel in May
2000. Delmer appeals a judgment admitting the 2003 will to probate, appointing Marvin
executor of Isabel’s probate estate, and denying all claims of Delmer against Marvin and
Janet. Finding no error by the trial court, we affirm its judgment.
Background
          Isabel died April 10, 2006, and on April 12 Marvin filed an application to probate the
2003 will. Delmer filed a contest and the related causes of action against Marvin and
Janet, and applied for probate of the 2000 will, on April 24. On September 25, the trial
court signed an order authorizing withdrawal of Delmer’s attorneys from representation. 
The next day Marvin and Janet filed traditional and no-evidence motions for summary
judgment. By their traditional motion, Marvin and Janet argued their evidence conclusively
established Isabel’s testamentary capacity to make the 2003 will and by their no-evidence
motion they challenged the remainder of Delmer’s claims. The court set a hearing of the
summary judgment motions for November 27. Acting pro se Delmer filed two documents
dated October 12 and a pleading denominated “objection to summary judgment” dated
November 24, each arguing the case was abated pending the outcome of matters in a
related case. No order abating or otherwise suspending prosecution of the case appears
in the record. Under a facsimile cover sheet dated November 24, Delmer submitted
various case-related documents. The assortment did not include a summary judgment
response, affidavit, request for untimely filing, or motion for continuance of the summary
judgment hearing. The court heard the motions for summary judgment of Marvin and
Janet on November 27 and granted both motions by order signed December 8. On
December 28, an attorney entered the case for Delmer and filed a motion for new trial on
January 4, 2007. The court heard Marvin’s application to probate the 2003 will on January
8, and on that date signed an order admitting the 2003 will to probate and appointing
Marvin independent executor of Isabel’s probate estate. Delmer filed a “supplemental”
motion for new trial on January 18 which the court denied by order of February 26. Also
on February 26, 2007, the court signed an order entitled “Final Order” which addressed
both admission of the 2003 will to probate and the final disposition of Delmer’s claims for
damages and relief.
Issues
          Delmer raises two issues. First, he assails the trial court’s grant of summary
judgment in favor of Marvin and Janet on their traditional and no-evidence motions. 
Second, he argues the trial court abused its discretion by failing to grant him a new trial.
Discussion
          Because Delmer’s first issue challenges the grant of summary judgment, our
resolution of the issue requires that we initially consider the effect of the January 8, 2007
hearing. According to the trial court’s order of December 8 its decision on the motions for
summary judgment of Marvin and Janet was “interlocatory pending the final hearing on the
probate itself.” By order of December 18, the court set the probate hearing for January 8. 
The hearing was tried to the court. In its resulting order, the court stated that at the hearing
it heard evidence


 and considered the 2003 will and other unspecified documents on file
in the case. The order also contained findings of fact and conclusions of law that, inter
alia, the 2003 will was executed with the formalities and solemnities and under the
circumstances required by law to make it a valid will, Isabel was of sound mind, the 2003
will was not revoked by Isabel, and Marvin was qualified and not disqualified to serve as
independent executor. The order admitted the 2003 will to probate and appointed Marvin
independent executor without bond. Neither side requested the court express findings of
fact and conclusions of law in a document separate from the order admitting will to probate. 
See Tex. R. Civ. P. 299a. And neither side complains of the form of order. The appellate
record does not include a reporter’s record of the hearing. Under such circumstances we
presume sufficient evidence was introduced at the hearing to support the trial court’s
findings of fact and judgment. Nelkin v. Panzer, 833 S.W.2d 267, 268 (Tex.App.–Houston
[1st Dist.] 1992, writ dism’d w.o.j.) (citing Mays v. Pierce, 154 Tex. 487, 493, 281 S.W.2d
79, 82 (1955)). 
          Presuming the trial court found all facts necessary to support its judgment means
it implicitly made findings adverse to Delmer. See Nacol v. Metallic Development Corp.,
614 S.W.2d 172, 175 (Tex.Civ.App.–Fort Worth 1980, writ dism’d w.o.j.) (when only
findings of fact are before appellate court it presumes the evidence supported not only the
express findings of the trial court but also any omitted findings necessary to support the
judgment); Swacker v. Jet Const. & Realty Co., Inc., 535 S.W.2d 715, 716
(Tex.Civ.App.–Eastland 1976, writ ref’d n.r.e.). Thus the court expressly or implicitly found
Isabel possessed testamentary capacity to execute the 2003 will,


 the 2003 will was not
procured through the undue influence, duress, or fraud of Marvin and Janet,


 and Marvin
was qualified and not disqualified from appointment as independent executor.


 
          Delmer’s first issue presents the contention Marvin and Janet did not conclusively
establish their entitlement to summary judgment and the trial court erred by granting it. We
overrule the issue. Following the December 8 order, the taking of evidence and
determination of issues necessary for the admission of Isabel’s will remained for the
January 8 probate hearing. Therefore, even assuming arguendo a question of material
fact existed on issues of Isabel’s testamentary capacity, or on the alleged undue influence,
duress and fraud of Marvin and Janet, any erroneous decision by the trial court on the
summary judgment motions was rendered harmless by the January 8 evidentiary hearing
admitting the 2003 will to probate. On this matter, the decision in Progressive County Mut.
Ins. Co. v. Boyd, 177 S.W.3d 919 (Tex. 2005) (per curiam), is instructive. There the
plaintiff sued his insurer on contractual and extra-contractual theories arising from its denial
of coverage under his motor vehicle policy following an accident. Id. at 920. The trial court
rendered summary judgment in favor of the insurer on the extra-contractual claims despite
the plaintiff’s exception and objection that the motion for summary judgment was
conclusory and did not address the elements of his conversion claim. Id. at 920, 921. The
contract theory was tried by jury. Id. at 920. Thereafter the court rendered a take-nothing
judgment for the insurer based on a jury finding that excluded the accident from coverage. 
Id. The court of appeals affirmed the contract claim but reversed the summary judgment
on the extra-contractual theories noting in part that summary judgment cannot be affirmed
on grounds not raised in the trial court and the plaintiff’s statutory theories were wrongly
addressed by the insurer’s motion for summary judgment. Id. at 920-21. In rendering
judgment that the plaintiff take nothing, the Texas Supreme Court determined “even if the
trial court erred by granting summary judgment on the bad-faith and extra contractual
claims, the error was harmless because the jury finding in the contract case negated
coverage . . . .” Id. at 92. 
          The principle of Progressive that “a trial court’s erroneous decision to grant
summary judgment can be rendered harmless by subsequent events in the trial court,” has
application in the case at bar. See id. at 921; McAlester Fuel Co. v. Smith Int’l, Inc., 257
S.W.3d 732, 738 (Tex.App.–Houston [1st Dist.] 2007, pet. denied). To reach its order on
the probate hearing the trial court considered evidence and found in Marvin’s favor on the
elements required for admission of the 2003 will to probate and his appointment as
executor. These findings negated the claims of Delmer in his contest of the 2003 will and
his challenge of Marvin as executor. Thus, even if the court erred in its determinations
expressed in the December 8 order its error was made harmless by the outcome of the
January 8 hearing.
          Delmer’s claim that Marvin and Janet breached fiduciary duties owed to Isabel arose
from Janet’s execution of a warranty deed in 2004, pursuant to a power of attorney from
Isabel, conveying to Marvin Isabel’s interest in land in Carson County. Delmer’s pleadings
also sought declaratory relief with respect to the property conveyed by the warranty deed. 
Admission of the 2003 will to probate also rendered harmless any error in the grant of
summary judgment on these claims because that will did not devise Delmer any interest
in the disputed property. 
           Delmer also alleged Marvin and Janet tortiously interfered with his inheritance 
rights. Even if we assume arguendo that the January 8 hearing did not adjudicate this
theory we find it was resolved against Delmer by the order on summary judgment which
the court incorporated into its final order of February 26, 2007. 
          A no-evidence summary judgment is essentially a pretrial directed verdict and we
apply the same legal sufficiency standard in reviewing a no-evidence summary judgment
as we apply in reviewing a directed verdict. See Roth v. FFP Operating Partners, L.P., 994
S.W.2d 190, 195 (Tex.App.–Amarillo 1999, pet. denied). We review the evidence in the
light most favorable to the respondent against whom the no-evidence summary judgment
was rendered, disregarding all contrary evidence and inferences. Merrell Dow Pharms.,
Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997); Roth, 994 S.W.2d at 195. A no-evidence summary judgment is improperly granted if the non-movant presents more than
a scintilla of probative evidence to raise a genuine issue of material fact. Roth, 994
S.W.2d at 195. However, a no-evidence motion for summary judgment must be granted
if the party opposing the motion does not respond with competent summary judgment
evidence that raises a genuine issue of material fact. Dolcefino v. Randolph, 19 S.W.3d
906, 916 (Tex.App.–Houston [14th Dist.] 2000, pet. denied).
          In their no-evidence motion for summary judgment, Marvin and Janet challenged
the damage element of Delmer’s theory of tortious interference with inheritance rights.


 
In King v. Acker, 725 S.W.2d 750, 754 (Tex.App.–Houston [1st Dist.] 1987, no writ), the
court cited the Restatement of Torts: “One who by fraud, duress or other tortious means
intentionally prevents another from receiving from a third person an inheritance or gift that
he would otherwise have received is subject to liability to the other for loss of the
inheritance or gift.” Restatement (Second) of Torts, § 774B (1979). Under that definition
of the cause of action, it was for Delmer to present in response to the no-evidence motion
more than a scintilla of evidence proving what inheritance or gift he did not receive from
Isabel because of the alleged tortious conduct of Marvin and Janet. But Delmer offered
no summary judgment evidence of any damages. Assuming, arguendo, Texas recognizes
the cause of action, judgment was proper in any event against Delmer on his claim of
tortious interference with inheritance. 
          For these reasons, we overrule Delmer’s first issue.
          In his second issue, Delmer complains that the trial court abused its discretion by
denying his motion for new trial of the summary judgment motions because he met the
Craddock requirements for a new trial following rendition of a default judgment. Craddock
v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124 (Tex. 1939). 
          In Craddock, the Supreme Court of Texas held a default judgment should be set
aside if the defendant establishes by its motion for new trial that: (1) the failure to answer
before judgment was not intentional or the result of conscious indifference, but the result
of an accident or mistake; (2) the motion for new trial sets up a meritorious defense; and
(3) granting the motion will occasion no undue delay or otherwise injure the plaintiff. Id. at
126. The Court has explained its “purpose in adopting the Craddock standard was to
alleviate unduly harsh and unjust results at a point in time when the defaulting party has
no other remedy available.” Carpenter v. Cimarron Hydrocarbons Corp., 98 S.W.3d 682,
686 (Tex. 2002).
          At issue in Carpenter was whether the Craddock standard for granting a new trial
applied following entry of a summary judgment on a motion of which the non-movant had
notice and the opportunity to employ any means of the rules of civil procedure for altering
the summary judgment deadlines. In Carpenter, the trial court denied a motion for new trial
filed after a grant of summary judgment, but the court of appeals applied the Craddock
standard and reversed the summary judgment. Carpenter, 98 S.W.3d at 685. Disagreeing
with the court of appeals, the Texas Supreme Court held that “Craddock does not apply
to a motion for new trial filed after summary judgment is granted on a motion to which the
non-movant failed to timely respond when the respondent had notice of the hearing and
an opportunity to employ the means our civil procedure rules make available to alter the
deadlines Rule 166a imposes.” Id. at 683-84. Because Cimarron had the opportunity to
seek leave to file an untimely response and move for a continuance, the Court concluded
the Craddock standard was not applicable. Id. at 686.
          Marvin and Janet served Delmer by certified mail with a copy of their motions for
summary judgment on September 26, 2006. The record contains two communications
from Delmer to the trial court dated October 12, 2006. In the first document, Delmer stated
that the attorney for Isabel’s temporary guardian notified him the instant case was “on hold”
until completion of arbitration in a related case. In the second communication, Delmer
represented he was informed by the attorney for Isabel’s guardian that the guardianship
proceeding was “on hold” until resolution of the instant case and a related case. The
document ended with the request, “We ask and pray for all to do the right things in
resolving all these matters.” The trial court’s order setting hearing of the motions for
summary judgment was signed September 27, 2006, and apparently served on Delmer by
certified mail on October 13. Delmer does not dispute receipt of notice of the hearing. In
a document dated November 24 and bearing the title “Objection to Summary Judgment,”
Delmer argued that according to a prior order “all matters” were suspended until resolution
of the contested matters and appointment of a permanent administrator.” The court heard
argument of the motions for summary judgment on November 27 and signed an order on
December 8 granting the motions. Following Carpenter, we find the Craddock standard
inapplicable to the determination of Delmer’s motion for new trial. Delmer had sufficient
notice of the summary judgment hearing and ample time to respond or seek a continuance. 
And he did respond, albeit in an improper manner. 
          We nevertheless consider the trial court’s ruling on Delmer’s motion for new trial. 
A trial court possesses broad discretion in ruling on a motion for new trial and an appellate
court reviews the denial of a motion for new trial for an abuse of discretion. Cliff v.
Huggins, 724 S.W.2d 778, 778-79 (Tex. 1987). A trial court abuses its discretion when it
acts without reference to any guiding rules or principles, not when it exercises that
discretion in a manner different than a reviewing appellate court might. Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). Under the standard by
which we must review the trial court’s decision, we cannot say it abused its discretion by
denying Delmer a new trial.
          We overrule Delmer’s second issue.
Conclusion
          Having overruled Delmer’s two appellate issues, we affirm the judgment of the trial
court.


James T. Campbell

Justice







Pirtle, J., concurs in the result.